UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-107 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| NICHOLAS KURTZ, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING
## DEFENDANT'S REQUEST FOR *FRANKS* HEARING

This criminal case came before the Court on Defendant's request for a *Franks* hearing (Doc. 22), the parties' responsive memoranda (Docs. 26, 29), and Defendant's supplemental briefs (Docs. 30, 35).

The Court held an evidentiary suppression hearing on October 21, 2016, during which the Court heard arguments as to the issue of whether Defendant was entitled to a *Franks* hearing. (Min. Entry & Not. Order, Oct. 26, 2016). The Court ultimately denied Defendant's request for a *Franks* hearing, finding that Defendant had not made the requisite substantial preliminary showing. (*Id*.) The Court hereby issues this Order memorializing its decision in that regard.[1]

## I. BACKGROUND

On October 7, 2015, Defendant Nicholas Kurtz was charged by indictment with two counts of coercion and enticement, in violation of 18 U.S.C. § 2422(a) and (b) (Counts 1 and 2, respectively).

---

[1] The balance of Defendant's motion to suppress remains pending, as the Court is awaiting the submission of post-hearing briefs by the parties. (Min. Entry & Not. Order, Oct. 26, 2016).

The Government alleges that, beginning around October 2014, Defendant, posing as a sixteen-year-old foster child named "Chase Rein," used various forms of social media to engage in sexually explicit correspondence with a thirteen-year-old female from Wisconsin (the "minor victim"). (Doc. 1-1 at 2).[2] In truth, Defendant was nearly twenty-one years old and living in Ohio at the time. (*Id*.)

It is specifically alleged that Defendant forced the minor victim to: pose for nude and sexually explicit pictures and transmit those pictures to Defendant; to engage in sexual acts and acts of self-mutilation while on webcam during video chats with Defendant; and to become Defendant's 'slave' (including, *inter alia*, referring to Defendant as "Master" and obeying his commands). (Doc. 1-1 at 2-3; Def. Exs. B, E). Defendant allegedly told the minor victim that he would rape and kill her and her friends if she disobeyed him, and that he would show the sexually explicit pictures and videos of the minor victim to her friends. (*Id*. at 2-6; Def. Ex. E). The correspondence ended around November 2014, when the minor victim confided in a guidance counselor who reported the offense and alerted the minor victim's parents. (Def. Exs. B, E). However, Defendant continued to contact the minor victim until approximately January 2015, and threatened to kill the minor victim and her family if she did not begin communicating with him again. (Doc. 1-1 at 3; Def. Ex. E).

Through interviews conducted with the minor victim and her family, special agents of the Wisconsin Division of Criminal Investigation ("Wisconsin DCI") learned

---

[2] The Complaint details Defendant's alleged communications with at least four other minors. (Doc. 1-1 at 6-7). However, for purposes of this Order, the Court will focus on the minor victim involved in initiating the investigation at issue.

2

that the minor victim had received telephone calls and text messages from "Chase Rein." (Def. Exs. B, E). Thus, the Wisconsin DCI began investigating the mobile telephone number used by "Chase Rein" to contact the minor victim. (Def. Ex. E). In response to a subpoena, the mobile service provider, T-Mobile, provided the investigators with subscriber information relating to the telephone number. (*Id.*)

Specifically, the telephone number used to contact the minor victim was identified as belonging to Mrs. Barbara Kurtz in New Mexico. (Def. Exs. C, E). Investigators determined that the New Mexico address was Mrs. Kurtz's prior residence, and that Mrs. Kurtz now lived at 8529 Silver Oak Court, Clearcreek Township, Ohio (the "Silver Oak Court residence"). (Def. Ex. E). Investigators also learned that Mrs. Kurtz and her husband Russell had a son named Nicholas 'Nick' Kurtz. (*Id.*)

On January 22, 2015, the Clearcreek Township, Ohio Police Department ("CTPD") obtained a warrant to search the Silver Oak Court residence. (Def. Ex. E). The search warrant application was supported by the affidavit of Sergeant Larry B. Cornett of the CTPD (the "affiant"). (*Id.*) The affidavit set forth a summary of the investigation conducted by the Wisconsin DCI and specifically detailed the connection of the mobile telephone number to the Silver Oak Court residence. (*Id.*)

The search warrant was executed on January 22, 2015. (Def. Ex. E). As a result, law enforcement seized Defendant's mobile telephone, Kindle e-reader, and laptop. (*Id.*; Doc. 1-1 at 5).

On February 10, 2016, Defendant filed a pretrial motion to suppress, seeking, *inter alia*, "an Order ruling the search warrant invalid …." (Doc. 22 at 1). More specifically,

3

Defendant argued that "material information was omitted from the warrant[] which would have negated probable cause." (*Id*. at 2). Accordingly, Defendant asked that the Court hold a *Franks* hearing to determine the validity of the search warrant. (*Id*. at 7-8).

## II. STANDARD OF REVIEW

The Fourth Amendment protects against unreasonable searches and seizures and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008).

"In deciding whether an affidavit establishes probable cause, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is <u>a fair probability that contraband or evidence of a crime will be found in a particular place</u>.'" *United States v. Sinclair*, 631 F. App'x 344, 348 (6th Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (alterations in original) (emphasis added)).

An affidavit in support of a search warrant is presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, if "the supporting affidavit contains a statement, <u>necessary to the finding of probable cause</u>, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard for the truth," then the search warrant is invalid. *United States v. Duval*, 742 F.3d 246, 250 (6th Cir. 2014) (citing *Franks*, 438 U.S. at 155-56) (emphasis added).

4

A defendant is entitled to an evidentiary hearing to challenge the validity of the search warrant only if: (1) the defendant makes a "substantial preliminary showing" that the affiant made a false statement knowingly and intentionally, or with a reckless disregard for the truth; and (2) the alleged false statement was necessary to the finding of probable cause. *Franks*, 438 U.S. at 155-56; *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001). The rule for obtaining a *Franks* hearing applies to material misrepresentation(s), as well as material omission(s) from the affidavit. *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008).

To make a substantial preliminary showing, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. Accordingly, "there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id*. Further, "there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *Fowler*, 535 F.3d at 415.

However, even if the defendant has met all requirements for a *Franks* hearing, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. When reviewing for sufficiency of the evidence supporting probable cause, a court may only look within the four corners of the affidavit. *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

## III.  ANALYSIS

Defendant argues that he is entitled to a *Franks* hearing due to numerous material misrepresentations and omissions in the search warrant affidavit.  (Docs. 22, 29, 30, 35).  The Court disagrees.

### A.  Misrepresentations and Omissions Must Be Made Knowingly and Intentionally or with Reckless Disregard for the Truth

First, in requesting a *Franks* hearing, Defendant must make a "substantial preliminary showing" that the affiant made a false statement, or omitted facts from the affidavit, <u>knowingly and intentionally, or with a reckless disregard for the truth</u>.  *Franks*, 438 U.S. at 155-56.  Further, the allegations must be more than merely conclusory and must be accompanied by an offer of proof.  *Id.* at 171-72.

Here, Defendant fails from the onset to make the requisite showing that the affiant made any of the alleged misrepresentations or omissions "knowingly and intentionally, or with a reckless disregard for the truth."  Defendant merely states that, "[i]t is the position of Defendant that these misstatements and omissions were made [by the affiant] intentionally…."  (Doc. 22 at 8).  However, Defendant offers nothing in support of his position.

Thus, even assuming *arguendo* that all of the statements at issue were in fact false, or that material information was omitted from the affidavit, Defendant would still not be entitled to a *Franks* hearing, as he failed to offer anything beyond his conclusory position that the affiant acted intentionally or recklessly.

Accordingly, Defendant's request for a *Franks* hearing was properly denied.

6

### B. The Alleged False Statement or Omission Were Not Necessary to the Finding of Probable Cause

The second requirement for a *Franks* hearing is that the alleged false statements or omitted information were material to the probable cause determination. However, the Court finds that the statements and omissions at issue here were neither material, nor did they result in a misrepresentation of the circumstances presented in the affidavit.

#### *1. Defendant's Connection to the Offense and the Subject Property*

Defendant argues extensively that the affidavit contained numerous misrepresentations and omissions, any of which would have significantly undermined Defendant's connection to the offense, as well as the investigator's belief that Defendant was a suspect, and Defendant's connection to the residence identified in the search warrant. (Docs. 22, 29, 30).

Specifically, Defendant argues that the individual using the name "Chase Rein" had identified himself as a sixteen or seventeen year old boy, whereas Defendant is an adult. (Doc. 22 at 7; Doc. 29 at 5). Moreover, Defendant argues that the affiant, by stating that "[i]t is known … that Russel Kurtz is the spouse of Barbara Kurtz and [that they are] the parents of Nick Kurtz," implies that Defendant is an only child, whereas Barbara Kurtz actually has four other children. (Doc. 22 at 8). Most significantly, Defendant takes issue with a statement in the affidavit that, "SA Berkley was able to identify the images of the suspect screen name of Chase Rein as being very similar to images of Nick Kurtz account," arguing that Defendant, in reality, looks nothing like the pictures used by "Chase Rein." (Doc. 22 at 7-8; Doc. 29 at 4-6; Doc. 30 at 3-4).

7

The Court finds that the statements in the affidavit relating specifically to Defendant were not material to the probable cause determination.  Notably, "[t]<u>he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought</u>." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 644 (6th Cir. 2003) (quoting *United States v. Savoca*, 761 F.2d 292, 297 (6th Cir.1985) (emphasis added)).

Here, Defendant's argument fails to account for the fundamental fact that <u>the affidavit set forth a sufficient nexus between **the evidence** sought and **the property** to be searched</u>.  The affidavit did not, however, need to demonstrate that law enforcement had identified a viable suspect.[3]

The relevant facts here for purposes of establishing probable cause are:  (1) the minor victim reported that an individual using a particular telephone number had threatened and coerced her into performing sexual acts for him on camera; (2) the telephone number was identified by the wireless service provider as belonging to Barbara Kurtz, who previously resided in New Mexico; (3) Barbara Kurtz's current address was the Silver Oak Court residence in Springboro, Ohio; and (4) law enforcement sought a

---

[3] To be clear, the Court acknowledges that the identity of a suspect would be relevant if, for instance, law enforcement believed that a specific person was committing an offense and, accordingly, sought to obtain a warrant to search that specific person's home for evidence of the offense.  However, where, as here, an instrument of the alleged offense is connected to the property, the identity of a potential suspect is not determinative.  Thus, under the circumstances in the instant case, while a suspect may further support probable cause, the lack of such a suspect certainly does not negate probable cause.

8

warrant to search the Silver Oak Court residence for evidence of the criminal activity alleged by the minor victim.

Whether or not Defendant was a suspect is irrelevant to determining whether there is a fair probability that evidence of the alleged offense would be located in the Silver Oak Court residence. Indeed, if the Court were to strike any mention of Defendant from the affidavit, the fact that the telephone number was used in the alleged offense, and that it belonged to Barbara Kurtz, who resided at that the Silver Oak Court residence, was sufficient to establish probable cause to believe that evidence of the offense would be found in that home.

Accordingly, the Court finds that the statements referring to Defendant in the affidavit were not necessary to the probable cause determination.

Moreover, the Court further finds that the statements and omissions at issue did not result in a 'misrepresentation' of the circumstances, as presented in the affidavit. For example, the Court disagrees with Defendant's assertion that the statement "[i]t is known by the Affiant that Russel Kurtz is the spouse of Barbara Kurtz and [that they are] the parents of Nick Kurtz" implies that Defendant is an only child. Such an interpretation is neither supported by the plain language, nor the context of the statement.

Additionally, the Court disagrees with Defendant's argument that the affiant should have noted that Defendant bears no actual resemblance to the individual in the Chase Rein profile picture. Specifically, the affidavit <u>did not</u> state that Chase Rein looks very similar to Nicholas Kurtz. Rather, the affiant states, in effect, that the investigating agent informed him that the profile picture used by the individual controlling the "Chase

9

Rein" account was similar to profile pictures used by the individual controlling "the Nick Kurtz account." Neither of the images necessarily needed to resemble Defendant—it was sufficient that the profile pictures resembled one another, as that fact alone makes it more probable that one individual is controlling both accounts.

At best, Defendant could argue that the affiant should have provided <u>more</u> details. However, such an argument fails. Indeed, additional details would have been superfluous, because the affidavit, as written, was sufficient to establish probable cause. The fact that the affidavit could have been <u>more</u> illustrative does not undermine its adequacy or validity, as written. *See Fowler*, 535 F.3d at 415 ("The affidavit is judged on the <u>adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added</u>") (quoting *United States v. Allen*, 211 F.3d 970, 975 (6th Cir.2000) (emphasis added)).

Therefore, the Court finds that any statements or omissions in the affidavit, relating to Defendant, were neither material to the probable cause determination, nor were they misrepresentations. Accordingly, Defendant's request for a *Franks* hearing was properly denied.

### *2. The Minor Victim's Communications with a Friend Named "Chase"*

Defendant also argues that the affidavit did not detail that the minor victim was formerly in an online relationship with an individual named "Chase," and that this fact, if included, would have negated probable cause. The Court disagrees.

Specifically, in June 2014, the minor victim was friends with a boy named "Chase" who attended her middle school. (Def. Ex. B at 2). Shortly thereafter, "Chase"

10

moved to Maryland. (*Id.*) By October 2014, the minor victim was no longer communicating with the "Chase" from her middle school because she said "he was boring." (*Id.*) However, at that time, the minor victim was communicating with "Chase Rein," who first contacted the minor victim in October 2014. (*Id.*)

The Court finds that whether the minor victim had a friend named "Chase" whom she stopped communicating with around the same time that she began speaking with "Chase Rein" is irrelevant to the probable cause determination. As previously stated, the relevant facts here are that the minor victim reported communicating with an individual using a particular telephone number, and that telephone number was connected to the Silver Oak Court residence, which was identified in the search warrant. Thus, even if the affidavit had included the information regarding the minor victim's communications with her friend "Chase," it would not have changed the probable cause determination.

Moreover, the exclusion of information relating to the minor victim's former friend "Chase" did not result in a misrepresentation of the circumstances. To the contrary, this Court believes that the inclusion of such non-pertinent details would have likely resulted in unnecessary confusion.

Accordingly, the Court finds that the omission of the minor victim's prior, unrelated communication with a friend named "Chase" did not affect the probable cause determination and, therefore, a *Franks* hearing was not warranted.

### 3. *Results of Victim's Computer Forensic Analysis*

Finally, Defendant argues that although the affidavit states that "[e]xtraction reports were completed on the electronic systems used by the thirteen year old female,"

11

the affiant failed to disclose that no sexually explicit pictures were found on the minor victim's computer or mobile telephone. Defendant argues that the omitted information was material and would have affected the probable cause determination. Again, the Court disagrees.

Defendant argues that:

> Affiant materially omitted in the affidavit in support of the search warrant that law enforcement did not locate any nude photos of the victim on her computer. The affidavit in support of the search warrant states the alleged victim sent the photos. The alleged victim permitted law enforcement to search her computer. However Affiant fails to disclose that no nude photos were found. Mr. Kurtz contends this is a material omission.
> …
> In this case, Affiant does not disclose that nude photos were not found on the computer or any device. That is a material fact. The accusation that photos were sent was central to the investigation. The failure to locate the nude photos the alleged victim claims were sent to Kurtz is a factor to a probable cause determination. Counsel contends if this had been disclosed by Affiant, that disclosure would have been a factor in a probable cause determination.

(Doc. 35 at 4). However, Defendant's argument fails to account for the fact that the minor victim told the investigating agents that, in large part, her communications with "Chase Rein" occurred over Kik messenger and Skype.[4] (Def. Ex. B).

---

[4] Kik is a smartphone messenger application, available free of charge, that allows users to send texts, pictures, videos, *etc.* to other users, using their mobile telephone's existing wireless internet or data connection. (Doc. 1-1 at 2, n.2).

Skype is an application that allows users to make voice and video calls via the Internet, using their mobile phone, tablet or computer. (Doc. 1-1 at 2, n.3). Users can send instant messages, exchange files and images, send video messages, *etc.* (*Id.*) Most of Skype's services are available free of charge. (*Id.*)

12

To the extent that the communications occurred over Skype (*i.e.*, as a streaming video call over webcam, rather than a transmission of still images), no pictures would be found on the minor victim's computer. Further, as to pictures that the minor victim says were sent from her mobile telephone via Kik or text message, investigators were informed that all of those communications had been deleted from the minor victim's cell phone. (*Id.*) Thus, the fact that there were no sexually explicit pictures found on the minor victim's computer or mobile telephone is entirely understandable. Notably, however, the investigators reviewed the minor victim's telephone billing statement and found incoming and outgoing calls from the telephone number used by "Chase Rein," thereby corroborating that communication had occurred, just as the minor victim reported.

Finally, as the Government persuasively argued, simply because one end-user (*i.e.*, the sender) did not retain copies of the transmitted pictures on her mobile device does not mean that the other end-user (*i.e.*, the recipient) did not keep the pictures either. Therefore, the fact that the minor victim had deleted the communications from her mobile telephone did not negate the likelihood that evidence of those communications would still be found on the recipient's device.

Thus, even if the affiant had clarified that the pictures were not found on the minor victim's computer or telephone, there would still be probable cause to believe that the pictures or other evidence would be found at the location associated with the telephone number used to communicate with the minor victim.

Accordingly, a *Franks* hearing was not warranted.

13

## IV.  CONCLUSION

Based upon the foregoing, Defendant's request for a *Franks* hearing (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

Date:  11/18/16                                              *s/ Timothy S. Black*
                                                                         Timothy S. Black
                                                                         United States District Judge

14