IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:15-CR-107 |
| | ) | |
| Plaintiff, | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| -vs- | ) | |
| | ) | |
| NICHOLAS KURTZ, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS THE INDICTMENT OR,** |
| Defendant. | ) | **IN THE ALTERNATIVE, MOTION** |
| | ) | **FOR A BILL OF PARTICULARS** |

NOW comes the Defendant, Nicholas Kurtz, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, hereby respectfully moves this Honorable Court to dismiss the Indictment in this matter forthwith. In the alternative, counsel requests that the Court issue an Order directing the Government to provide the defense with a Bill of Particulars. Reasons in support of the instant Motion are set forth more fully in the Memorandum in Support, which is attached hereto and incorporated herein by express reference.

                    Respectfully submitted,

                    NICHOLAS KURTZ
                    By Counsel

                    /S/ Eric C. Nemecek
                    ERIC C. NEMECEK (0083195)
                    IAN N. FRIEDMAN (0068630)
                    Co-Counsel for Defendant
                    Friedman & Nemecek, L.L.C.
                    1360 East 9th Street, Suite 650
                    Cleveland, OH 44114
                    P: (216) 928-7700
                    F: (216) 820-4659
                    E: ecn@fanlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Supplemental Motion to Suppress was filed on the 24th day of September, 2019 by CM/ECF, which will send a notification of such filing (NEF) to the following:

Benjamin C. Glassman
Assistant United States Attorney
Office of the United States Attorney


/S/ Eric C. Nemecek
ERIC C. NEMECEK
IAN N. FRIEDMAN
Co-Counsel for Defendant

**MEMORANDUM IN SUPPORT**

**I.     PERTINENT FACTS AND PROCEDURAL HISTORY**

Defendant, Nicholas Kurtz, was charged in a two (2) count Indictment with the following offenses, *to wit*: one (1) count of Coercion and Enticement in violation of 18 U.S.C. § 2422(a); and one (1) count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). Both of the foregoing counts allege that the criminal activity occurred between September 1, 2013 and January 21, 2015, in the Southern District of Ohio. Neither of the counts identifies a specific individual against whom the criminal offenses were purportedly perpetrated. Rather, Count 1 asserts that Kurtz "did knowingly persuade, induce, entice and coerce *any individual* to travel in interstate and foreign commerce to engage in prostitution and any sexual activity," whereas Count 2 avers that Kurtz "did use any facility of interstate and foreign commerce, to knowingly persuade, induce, entice and coerce *any individual who had not attained the age of 18 years* to engage in any sexual activity." (Doc. # 12). Likewise, there is no information provided as to the particular statements or conduct that constitutes the Coercion and/or Enticement.

**II.     LAW AND ARGUMENT**

    **A.     Dismissal is Required Because the Indictment Fails to Sufficiently Identify the Specific Facts and/or Particular Law(s) that are Alleged to Form the Basis for the Violations of 18 U.S.C. § 2422(a) and (b).**

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury." U.S. Const. amend V. "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an Indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him

to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001), *quoting Hamling v. United States*, 418 U.S. 87, 117 (1974). An Indictment may allege the charges using the words of the statute itself as long as it provides all the elements of the offense "'fully, directly, and expressly[.]'" *Hamling*, 418 U.S. at 117, *quoting United States v. Carll*, 105 U.S. 611, 612 (1882); *see also Landham*, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Hamling*, 418 U.S. at 117-18, *quoting United States v. Hess*, 124 U.S. 483, 487 (1888). Failure to satisfy these criteria renders the Indictment deficient and subject to dismissal.

The sufficiency of an Indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). Accordingly, an Indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charges against him which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.; see also Hamling*, 418 U.S. at 117. Furthermore, "[t]he indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

In "certain statutes specification of how a particular element ... will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013), *citing Russell v. United States*, 369 U.S. 749, 753 (1962). Moreover, when "one element

of the offense is implicit in the statute, rather than explicit, and the indictment tracks the language of the statute and fails to allege the implicit element explicitly, the indictment fails to allege an offense." *United States v. Foley*, 73 F.3d 484, 488 (2d Cir. 1996). And "where the definition of an offense ... includes generic terms…it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species, it must descend to particulars." *United States v. Rosenblatt*, 554 F.2d 36, 41 (2d Cir. 1977); *see, e.g., Stringer*, 730 F.3d at 126-27 (noting past holdings that criminal falsity charges must "specific[y] what statements are alleged to be false, and in what respect they are false," and charges under controlled substances statute must state drug quantity). "In sum, for an indictment to fulfill the functions of notifying the defendant of the charges against him and of assuring that he is tried on the matters considered by the grand jury, the indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime." *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000).

Applying these principles, courts generally hold that "[i]f a statute makes it a crime to engage in certain conduct 'contrary to law,' it is not enough simply to cite that statute and recite in the pleading that the act was contrary to law—the pleading must show what other law was violated, either by citation to the other statute or by sufficient factual allegations." Charles Alan Wright, *et. al.,* 1 Fed. Prac. & Proc.Crim. § 124 (4th ed. 2014); *see, e.g., Keck v. United States*, 172 U.S. 434, 437 (1899)(Indictment charging defendant with importing diamonds "contrary to law" was deficient); *United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008)("the words 'contrary to law'…do not fully set forth the 'contrary to law' element"); *United States v. White*, 87 Fed.Appx. 566, 572 (6th Cir. 2004)(Indictment charging importation of firearm magazines "contrary to law" must identify specific law because there are multiple possibilities, for example,

import bans and declaration requirements); *Pirro*, 212 F.3d at 93 ("where an indictment charges a crime that depends in turn on violation of another statute, the indictment must identify the underlying offense").

"Sexual activity" is a generic term that is "not defined by the statute." *United States v. Peel*, 2014 WL 3057523, at *3 (E.D. Cal. Jul 7, 2014); *United States v. Lanzon*, 2008 WL 3271092, at *1 (S.D. Fl. Aug. 8, 2008); *United States v. Crowley*, 79 F. Supp.2d 138, 156 (E.D. N.Y. 1999)(holding that a sexual-abuse Indictment must specify the sexual act underlying the charge because the statutory definition of "sexual act" contains several distinct acts). Furthermore, that term is not narrowed by the phrase 'for which a person could be charged with a criminal offense,' which "encompasses a multitude of crimes." *Peel*, 2014 WL 3057523, at *3. Rather, a reference to numerous distinct offenses without a specific description of the underlying conduct "describes ... a type of crime," not, as required, "a particular criminal act." *Pirro*, 212 F.3d at 93; s*ee also Teh*, 535 F.3d at 516 (holding that an Indictment charging a defendant with importing merchandise "contrary to law" was deficient even though it stated that the defendant imported counterfeit DVDs in violation of copyrights—the copyright and counterfeiting laws cover civil and criminal infringement, as well as the manufacturing and importation of copyrighted works, counterfeit labels, documentation and motion pictures, and "contain different elements against which a defendant would be required to defend"); Wright, 1 Fed. Prac. & Proc.Crim. § 124.

Thus, an Indictment for a violation of 18 U.S.C. § 2422 must allege with a sufficient degree of specificity the facts or particular law "for which any person can be charged with a criminal offense" for sexual activity. It is not sufficient that the Indictment use generic terms, but must instead "descend to particulars." *Russell*, 369 U.S. at 765. While the language of the

statute may be used in the general description of an offense, it must be accompanied with a statement of the facts and circumstances informing the accused of the specific offense, coming under the general description, with which he is charged. *Id.*; *see also United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001)(Indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged).

Admittedly, the Indictment in this case embodies all the elements of the criminal offenses – it tracks the language of 18 U.S.C. § 2422(a) and (b) by alleging that "[b]etween September 1, 2013 and January 21, 2015, in the Southern District of Ohio, the [D]efendant did knowingly persuade, induce, entice and coerce any individual to travel in interstate and foreign commerce to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense" and, during the same relevant timeframe and location, "did use any facility of interstate and foreign commerce, to knowingly persuade, induce, entice and coerce any individual who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with an offense." (Doc. # 12). However, the Indictment fails to identify the Defendant's alleged sexual activity or the specific criminal offense(s) for which he could be charged. Rather, the Indictment merely asserts that the Defendant engaged in "sexual activity," which, as previously noted, is a generic term encompassing a multitude of crimes.

Because the Indictment does not allege, either by citation or sufficient factual allegations, the Defendant's criminal sexual activity or the specific criminal law that was purportedly violated, it is deficient as a matter of law. *See United States v. Thompson*, 141 F. Supp.3d 188, 195-96 (E.D. N.Y. 2015)(finding portions of Indictment charging violations of 18 U.S.C. 2241, 2242, and 2243 deficient for failing to allege a particular sexual activity for which any person

can be charged with a criminal offense). As such, the Defendant is entitled to a dismissal of the charges forthwith. *See, e.g., United States v. Lanzon*, 2008 WL 3271092, at *1-3 (S.D. Fl. Aug. 8, 2008)(dismissing an Indictment for a violation of 18 U.S.C. § 2422(b) for insufficiently alleging the underlying illegal sexual activity); *Peel*, 2014 WL 3057523 (dismissing charge under 18 U.S.C. § 2423(a), which uses similar language, *i.e.*, "any sexual activity for which any person can be charged with a criminal offense," for failure to allege underlying illegal sexual activity); *United States v. Gonzalez*, 686 F.3d 122, 127-28 (2d Cir. 2012).

### B. The Government Should be Required to Provide Defense Counsel with a Bill of Particulars

Assuming, without conceding, that the Indictment is constitutionally sufficient, the Defendant nevertheless submits that the Government should be required to provide the defense with a Bill of Particulars identifying the specific conduct and sexual activity alleged to constitute enticement and coercion as well as the underlying laws for which the Defendant could be prosecuted.

The purpose of a Bill of Particulars is to (1) inform the accused of the charge against him with sufficient particularity to enable him to prepare a proper defense and to avoid prejudicial surprise at trial, and (2) enable him to plead his acquittal or conviction to bar any future prosecution for the same offense. *See, e.g., Wong Tai v. United States*, 273 U.S. 77 (1928); *United States v. Rosa*, 891 F.2d 1063, 1066 (3d. Cir. 1989); *United States v. Greater Syracuse Board of Realtors*, 438 F.Supp. 376, 379 (N.D. N.Y. 1977); *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1986); *United States v. Haskins*, 345 F.2d 111, 118 (6th Cir. 1965); *United States v. Salisbury*, 983 F.2d 1369, 1374 (6th Cir. 1993). When a Bill of Particulars is required to serve one or more of these purposes, "it is no answer to an otherwise

proper demand…that the particulars sought are evidentiary, or involve the naming of potential witnesses at trial." *Greater Syracuse Bd. of Realtors*, 438 F.Supp. at 379. Likewise, "it is no answer that the defendant should know the facts demanded, for the defendant is presumed to be innocent; in any event, the Bill of Particulars is aimed at the facts as alleged by the Government, rather than as they actually exist." *Id.*; *see also* 1 Wright, Federal Practice and Procedure: Criminal 2d § 129 at 439 (1982)("[t]he issue on a motion for a bill of particulars is not what the defendant knows but what the government intends to prove"); *United States v. Thevis*, 474 F.Supp. 117, 124 (N.D. Ga. 1979)(holding that the defense should "be given the benefit of the doubt in gray areas").

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the Government to supply the defense with a Bill of Particulars. Importantly, the Rule does not require a showing of cause to obtain the particulars sought. As the Notes of the Advisory Committee indicate, the elimination of the requirement of a showing of cause "is designed to encourage a more liberal attitude by courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." The Advisory Committee has also expressed approval of courts exercising their discretion to require the Government to produce a Bill of Particulars in order preserve the defendant's constitutional rights to due process and a fair trial. *See United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954)("[c]ertainly the fact that an indictment or information conforms to the simply form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f)…Its proper office 'is to furnish to the Defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at trial,' and when necessary for those purposes, is to be granted even though it requires

'the furnishing of information which in other circumstances would not be required because it is evidentiary in nature' and an accused is not entitled to this 'as of right').

Both the Sixth Amendment to the United States Constitution and the Federal Rules of Criminal Procedure require that an Indictment be "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling*, 418 U.S. at 117, *quoting Carll*, 105 U.S. at 612. In this regard, the Indictment must "sufficiently apprise the defendant of what he is prepared to meet," *see United States v. Debrow*, 346 U.S. 374, 376 (1953), and must be "sufficiently specific to protect a defendant against double jeopardy in a subsequent proceeding." *United States v. Blandford*, 33 F.3d 685, 705 (6th Cir. 1994).

As aforementioned, the Indictment in this case fails to provide information that is necessary to enable the undersigned to effectively defend against the allegations. Again, the Indictment does not identify the conduct constituting the alleged Coercion and Enticement, nor is there any indication as to the specific communications upon which the Government intends to rely in presenting its case. Likewise, there is no information concerning the particular sexual activity underlying the offenses or any mention of the specific laws which the Defendant purportedly violated. What's more, the Indictment fails to identify the alleged victim(s) for either of the charges.

The prejudice resulting from the foregoing deficiencies is particularly cogent in light of the fact that the discovery materials and pleadings reference numerous individuals with whom the Defendant allegedly communicated over various social media applications during the two (2) year timeframe set forth in the Indictment. For instance, the Complaint notes that a "[r]eview of the Skype and Kik messages identified that Kurtz had communicated with numerous females,"

some of whom appeared to be juveniles. *See Complaint*, at ¶17. The Complaint then proceeds to specifically identify five (5) different individuals – collectively referred to as Minor Female(s) "A," "B," "C," "D" and "E" – with whom the Defendant communicated with during the relevant timeframe. Upon information and belief, the Defendant engaged in multiple conversations with each of the foregoing individuals – as well as other, unidentified parties – for an extended period of time. Absent further clarification, however, counsel is unable to ascertain the exact communications and/or statements relate to the counts set forth in the Indictment.

Furthermore, it is entirely unclear whether the charges relate to Minor Female "A," "B," "C," "D," "E" or other unnamed individuals, or whether the same Minor Female is the subject of both counts in the Indictment. For instance, as it relates to Count 1 of the Indictment, it is impossible to determine the individual(s) that the Defendant enticed to "travel in interstate or foreign commerce," let alone the specific the sexual activity involved or the related criminal offenses for which he could be prosecuted. Similarly, with respect to Count 2, there is no information from which to reasonably determine the specific statements or conduct at issue, the criminal offenses allegedly violated, or the individual(s) against whom the crime was purportedly directed. Respectfully, unless the aforementioned information is supplied through a Bill of Particulars, counsel cannot reasonably prepare or present an effective defense in this matter, thereby depriving the Defendant of his constitutional rights to due process of law and effective assistance of counsel. *See* U.S. Const. amend. VI, XII.

In addition to impeding his ability to formulate a defense to the charges, the lack of information creates a substantial risk that the Defendant's constitutional right to be free from double jeopardy will be violated. *See* U.S. Const. amend. V. The Indictment's failure to provide any indication as to the specific statements, communications and/or alleged victim's with respect

to these offenses raises serious concerns regarding the Defendant's ability to prevent any subsequent prosecution that could be implemented for the same conduct at issue in this case. *See, e.g., United States v. Dixon*, 509 U.S. 688, 696 (1993); *Ashe v. Swenson*, 397 U.S. 436, 445-46 (1970). Absent such information, it is impossible for the Defendant to plead his acquittal or conviction to prevent any subsequent prosecution based upon the same alleged conduct herein at issue.

### III. CONCLUSION

The Indictment in this case fails to identify the specific facts that form the basis for the Coercion and Enticement or the particular laws for which the Defendant could be prosecuted for violating. Because the Indictment fails to satisfy the explicit requirements of Rule 7 of the Federal Rules of Criminal Procedure, it must be dismissed forthwith. In the alternative, the undersigned respectfully submits that the Government should be required to provide the defense with a Bill of Particulars setting forth the specific conduct allegedly constituting the Coercion and Enticement[1] as well as the exact crimes for which the Defendant could be prosecuted.

---

[1] The defense maintains that, at a minimum, the Government should be required to identify the specific statements or conduct of the Defendant as well as the identity of the individual against whom the particular offense was committed.

**WHEREFORE**, Defendant, Nicholas Kurtz, hereby respectfully requests that this Honorable Court issue an Order dismissing the Indictment against him at this juncture. Alternatively, the defense moves the Court for an Order directing the Government to provide counsel with a Bill of Particulars containing the information heretofore discussed.

Respectfully submitted,

NICHOLAS KURTZ
By Counsel

/S/ Eric C. Nemecek
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Co-Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com