## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:15-CR-107 |
| | ) | |
| Plaintiff, | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| -vs- | ) | |
| | ) | |
| NICHOLAS KURTZ, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS FOR VIOLATION OF** |
| Defendant. | ) | **SPEEDY TRIAL RIGHTS** |
| | ) | |
| | ) | |

NOW comes the Defendant, Nicholas Kurtz, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and hereby respectfully submits the attached Motion to Dismiss for Violation of Speedy Trial Rights, pursuant to 18 U.S.C. § 3161(h), and the Sixth Amendment to the United States Constitution. Reasons in support of the instant request are set forth more fully in the Memorandum in Support, which is attached hereto and incorporated herein by express reference.

Respectfully submitted,
NICHOLAS KURTZ
By Counsel

/S/ Eric C. Nemecek
ERIC NEMECEK (0083195)
IAN FRIEDMAN (0068630)
Co-Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

1

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

On October 8, 2015, Defendant, Nicholas Kurtz (hereinafter "Kurtz"), was indicted on two counts of Coercion or Enticement of a Female, in violation of 18 U.S.C. § 2422(a) and § 2422(b), for his alleged unlawful conduct involving a minor female, which was perpetrated through various social media website accounts. (Doc. #17).  Kurtz entered pleas of "Not Guilty" to both counts. *Id.*

On November 3, 2015, twenty-six (26) non-excludable days after Kurtz was indicted, a Motion to Substitute Counsel was filed was filed on his behalf (Doc. #20).  The Motion was granted that same day during a telephone status conference. *Id.*  During the status conference, defense counsel also made requested that the Pretrial Motion deadline and the Trial be continued for an additional thirty (30) days, which was also granted. *Id.* The Court issued an Entry stating that the initial Trial date, which was set for December 7, 2015 (Doc. #18), would be "VACATED" pursuant to 18 U.S.C. § 3161(h)(1)(7)(A), (B)(i) and (B)(iv), finding that:

> [t]he interests of the parties and the ends-of-justice are best served by tolling time because defense counsel has newly arrived and needs additional time to review voluminous discovery "necessary for effective preparation" and that failure to grant the continuance would "result in a miscarriage of justice". Accordingly, the time from 11/3/15 through 12/2/15 shall be excluded from the speedy trial calculation.

(Min Entry & Not. Order, 11/03.2015).

On December 2, 2015, through a status conference conducted via telephone, both parties requested an additional thirty (30) days to continue discovery production and review.  The Court again issued an Entry granting the request based upon its conclusion that "the ends of justice would be served by granting a [forty] (40) day continuance," and that "the time from 12/2/15 through 1/13/16 shall be excluded from the speedy trial calculation." (Min. Entry & Not. Order, 12/02/16).  Speedy trial time was further tolled through the Court's granting a twenty-eight (28) day continuance during a telephonic status conference on January 13, 2016, again citing the same reasoning, *to wit*: "the time from 1/13/16 through 2/10/16 [to] be excluded from the speedy trial calculation." (Min. Entry & Not. Order, 1/13/2016).

On February 2, 2019, defense counsel filed its initial Motion to Suppress as well as a first Motion to Compel. (Doc. #22, 23).  The Government filed two (2) subsequent Motions for Extension of Time to File a Response to the Defendant's Motions to Suppress and Compel, one on March 9, 2016, which extended the filing deadline to March 16, 2016, and the second on March 16, 2019, which extended the deadline to March 22, 2016, both of which were granted by this Court. (Doc. # 24, 25).  The Government filed its responses to the Motion to Suppress and the Motion to Compel on March 22, 2016.  Kurtz, through counsel, filed a Motion for Extension of Time to Reply to the Government's Response to the Motion to Suppress (Doc. #28), which the Court granted without opposition. Thereafter, the defense filed their Reply on April 5, 2016. (Doc. #29).

On April 26, 2016, Kurtz's Motion to Suppress (Doc. #22) was set for an evidentiary hearing on May 12, 2016, but was later vacated and rescheduled for May 20, 2016.  On

May 16, 2016, Kurtz's counsel filed a Supplemental Motion to Suppress (Doc. #30). In response, the Court vacated the suppression hearing and rescheduled the matter for June 24, 2016. An unopposed Motion to Continue Evidentiary Hearing (Doc. #31) was filed by the Government due to the unavailability of a witness. The Court granted said request on June 17, 2016. (Min. Entry & Not. Order, 6/17/2016). The Court concluded that the "ends of justice would be served by granting the continuance," pursuant to 18 U.S.C. § 3161(h)(1)(D), and that time would continue to be tolled until a newly selected hearing date was set. *Id.* The Court further noted that "in light of the Government's statement that the parties are actively attempting to resolve this matter by pleas, the Court finds that time is also tolled pursuant to 18 U.S.C. § 3161(h)(1)" citing the Sixth Circuit's holding in *United States v. Montgomery,* 395 F. App'x 177, 182 (6th Cir. 2010), that, "plea negotiations are an example of 'other proceedings' not specifically listed in § 3161(h)(1) which may be excluded from the Speedy Trial Act calculation." *Id.*

On June 28, 2016, the defense filed a Motion for Bond. (Doc. #32). A telephone status conference was conducted on July 30, 2020, at which time the parties discussed the bond Motion as well as proposed dates for conducting the evidentiary hearing. During the telephone conference, the Court Denied the Motion for Bond and scheduled an evidentiary hearing for August 26, 2016. (Min. Entry & Not. Order, 7/1/16).

On September 22, 2016, the Government filed a Motion to Continue the evidentiary hearing. (Doc. #33). The Court granted the request on September 24, 2016, and scheduled another telephone status conference for August 26, 2016. At this status

conference, the parties agreed to conduct the evidentiary hearing on October 21, 2016. (Min. Entry & Not. Order, 9/1/16).

Kurtz filed a second Motion to Suppress on October 14, 2016. (Doc. #34). Thereafter, the parties appeared for the previously scheduled evidentiary hearing on October 21, 2016. Prior to commencing the hearing, defense counsel informed the Court that the additional discovery identified in Defendant's Motion to Compel (Doc. #23) had either been provided or no longer existed. As such, the Court determined that the Motion was moot. The Court then proceeded to hear testimony and argument from the parties regarding Defendant's Motion to Suppress.

At the conclusion of the hearing, the defense sought leave to order transcripts of the proceeding and file a post-hearing brief. The Court granted said request and directed the parties to submit simultaneous post-hearing briefs two (2) weeks after the transcript was filed on the docket. The Court further noted that because the Motion was "still pending and is not yet ripe for decision, the speedy trial clock remains TOLLED pursuant to 18 U.S.C. § 3161(h)(1)(D)." (Min. Entry & Not. Order, 10/26/16).

The transcript of the evidentiary hearing was filed on November 7, 2016. (Doc. #38). The parties filed two (2) subsequent joint Motions for Extension of Time to File post-hearing briefs, one on November 18, 2016 (Doc. #40), which extended the filing deadline to December 5, 2016, and the second on December 5, 2016 (Doc. #41), which extended the deadline to December 19, 2016. The Court granted these requests and noted that time would remain tolled on both Motions pursuant to 18 U.S.C. § 3161(h)(1)(D). (Min. Entries & Not. Orders, 11/18/16 and 12/5/16).

On December 19, 2016, counsel for both parties advised this Court that additional time was needed to continue plea negotiations, and accordingly, the parties jointly requested a stay of the briefing schedule as to Defendant's Motion to Suppress. (Docs. #22, #30, #35).  The Court granted the stay and ordered the parties to advise the Court as to the status of plea negotiations no later than January 13, 2017. (Min. Entry & Not. Order, 12/27/16). On January 13, 2017, the parties sent an email to the Court stating that negotiations were still under way and requested a three-week continuance to complete those negotiations.  The Court granted the request and ordered the parties to submit a joint status report no later than February 3, 2017. (Min. Entry & Not. Order, 1/17/17). The Court also determined that time remained tolled on the pending Motions to Suppress (Docs. #22, #30, #35), pursuant to § 3161(h)(1)(D), again citing to *Montgomery. Id.* The Court noted that granting the continuance would best serve the ends of justice pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (iv).

The parties submitted a status report via email on February 3, 2017, informing the Court that they were still working towards a resolution of the case and requesting an additional three (3) week continuance.  The Court granted the continuance and ordered the parties to file a joint status report and/or Motion to Continue no later than March 2, 2017, explaining that "the time elapsing from the date of the requested continuance (2/3/17), through the date of the next status report (3/2/17), shall be EXCLUDED from the speedy trial computation, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (iv)." (Min. Entry & Not. Order, 2/9/17).

Another telephone status conference was conducted on April 5, 2017. During the call, the parties stated that despite their good faith efforts to resolve the case via plea agreement, they now reached an impasse:

> [a]dditionally, the parties advise the Court of an evidentiary issue related to the recording of the search. Defendant has obtained the opinion of an expert, and the Government is awaiting completion of its own expert analysis. As the new evidentiary issue is related to, and may impact, the pending suppression motion the Court stated its preference to first resolve the new issue before turning back to the motion to suppress. Additionally, the Court states its preference in setting an extended briefing calendar, in order to allow adequate time for the Government to receive its forensic report, and for both parties to thoroughly brief the issue.

(Minute Entry & Notation Order, 4/17/2017). The Court directed the parties to propose a viable briefing schedule no later than April 13, 2017. The Court also explained that time continued to toll pursuant to § 3161(h)(1)(D) while the Defendant's Motion to Suppress remained pending. The Court further stated that "time elapsing from the date of the parties' last status report (3/2/17) through the date of the status conference (4/5/17) shall be excluded from the speedy trial computation," pursuant to the *Montgomery* decision regarding plea negotiations, as well as the time that continues to toll from April 5, 2017, through the filing of the anticipated briefs. (Min. Entry & Not. Order, 4/7/17).

A briefing schedule was issued on April 19, 2017, requiring Kurtz to submit a supplemental Motion by June 19, 2017, with the Government's response due on or before June 24, 2017. (Min. Entry & Not. Order, 4/19/17). On June 13, 2017, the Government submitted a request to extend the briefing schedule, stating that the completion of the relevant forensic report had been delayed until the end of July. (Min. Entry & Not. Order,

6/14/17). This unopposed request was granted, and the briefing schedule was vacated and rescheduled, adjusting the due date for Defendant's supplemental Motion to August 7, 2017, the Government's response due by August 28, 2017, and the Defendant's Reply, if any, due by September 11, 2017. *Id.* The Court noted that it "EXTENDS its prior finding as to speedy trial (Min. Entry & Not. Order, 4/7/2017) and time shall continue to toll until the filing of Defendant's supplemental motion." *Id.*

Kurtz filed his first Motion for Extension of Time to File his Supplemental Motion to Suppress (Doc. #42) on August 18, 2017, requesting that the filing deadline be extended until September 18, 2017. On August 23, 2017, defense counsel asked the Court to extend the deadline until September 25, 2017, in order to afford adequate time to obtain independent expert evaluation of the Government's forensic report. Defendant's Motion (Doc. #42) and subsequent request for extension of time were granted, and the previous briefing schedule was vacated and rescheduled, allowing a due date of September 25, 2017, for Defendant's supplemental Motion, and a deadline of October 16, 2017, for the Government's response. (Min. Entry & Not. Order, 8/24/17). The Court incorporated its prior findings as to speedy trial and noted that time would remain tolled until the filing of Defendant's supplemental Motion. *Id.*

Kurtz filed a Motion to Dismiss the Government's forensic report (Doc. #43) on September 25, 2017, followed by a Supplemental Memorandum in support of the initial Motion (Doc. #44) the following day. In response, the Government filed a Motion for Extension of Time to reply to Kurtz's Motions (Doc. #45) on October 13,2017, requesting a new filing deadline of October 27, 2017. The Court granted said request on October 17,

2017. (Not. Order, 10/17/17). The Government filed its response on October 27, 2017 (Doc. #46), and the defense submitted their Reply on November 11, 2017. (Doc. #47). The Court scheduled a status conference for February 2, 2018, to review the parties' briefings.

During the February 2, 2018, status conference, the parties jointly asked the Court to set an evidentiary hearing no sooner than eight (8) weeks in the future in order to give both sides adequate time to schedule their respective experts. Proposed dates for the evidentiary hearing regarding the Defendant's Motion to Dismiss (Doc. #43) were provided to the Court with the understanding that time would remain tolled until hearing dates were scheduled. On February 22, 2018, the Court set the evidentiary hearing for May 3, 2018. Kurtz filed an unopposed Motion to Continue the hearing date on April 26, 2018 (Doc. #48), which the Court granted the following day. Accordingly, the May 3, 2018, hearing date was vacated and set to be rescheduled when defense counsel was prepared to proceed. In the interim, time continued to be tolled pursuant to both 18 U.S.C. § 3161(h)(1)(D) and 18 U.S.C. § 3161(h)(7)(A), (B)(i) & (iv).

A status conference was conducted on May 31, 2018, at which time the parties agreed on a hearing date of August 7, 2018. The hearing commenced on August 7, 2018, and continued through August 9, 2018. At the conclusion of the hearing, the Court ordered that transcript be made available, and declared that a decision would be issued. (Min. Entry, 8/9/18). The transcripts of the evidentiary hearing on Defendant's Motion to Dismiss (Doc. #43) were filed on August 20, 2018. (Docs. #52, #53). To date, no decision has been issued regarding Defendant's Motion to Dismiss the Forensic Report. (Doc. #43).

Nearly one year later, on August 18, 2019, undersigned counsel filed a Supplemental Memorandum in Support of the Defendant's Motion to Suppress. (Doc. #55). One week later, on August 24, 2019, counsel filed a Motion to Dismiss the Indictment, or, in the Alternative, Motion for a Bill of Particulars (Doc. #56). On May 6, 2020, counsel filed a Second motion for Bond (Doc. #57).

The Court conducted a status conference on June 17, 2020. At that time, the Court denied Defendant's second request for bond. (Doc. #57). The Court also issued a briefing schedule regarding the Motion to Dismiss the Indictment/Motion for a Bill of Particulars and Motion to Suppress, allowing the Government fourteen (14) days to file any Response in Opposition, with a seven (7) Reply period for the Kurtz, if he so desired. (Min. Entry, 6-17-20). The Court stated that once the relevant briefings had been provided, the matters would be taken under advisement and decisions would be forthcoming in the near future. The Court further noted that "briefing on the motions to suppress (Docs. ## 22, 30, 35) remains stayed pending the Court's resolution of the motions to dismiss." *Id.*

The Government filed a Motion for Extension of Time to File Response/Reply (Doc. #59) as to Defendant's Motion to Dismiss/Bill of Particulars (Doc. #56). The extension was granted, and a new deadline to respond was set for July 24, 2020. (Not. Order, 7/10/20). On July 24, 2020, the Government filed both its Response in Opposition (Doc. #60) regarding Kurtz's Motion to Dismiss Indictment/Bill of Particulars (Doc. #56), as well as its Response in Opposition (Doc. #61) to Kurtz's first Motion to Suppress (Doc.

#22).  The defense filed replies to both Government responses on August 7, 2020. (Docs. ## 62, 63).

To date, no hearing has been scheduled or conducted on these Motions, nor has any decision been issued.  Likewise, no trial date has been set.

## II.    LAW AND ARGUMENT

The Sixth Amendment to the United States Constitution provides that any person who is accused of a crime, "shall enjoy the right to a speedy and public trial." *See* U.S. Const. amend. XI.  The Speedy Trial Act (hereinafter "the Act") effectuates this assurance by requiring that criminal defendants be brought to trial "within seventy days of the filing date…of the information or Indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).  Failure to comply with the express directives of 18 U.S.C. § 3161(c), *et seq.*, necessitates a dismissal of the information or Indictment. *See* 18 U.S.C. § 3162(a)(2).

Once a defendant files a Motion to Dismiss an Indictment based upon an alleged violation of the Act, "the district court must identify and tally the days included on the speedy trial clock and count toward the seventy-day limit. *Zedner v. United States*, 547 U.S. 489, 507 (2006).  When calculating delays under the Act, the district court excludes from the count days on which triggering events occur. *See United States v. Lattany*, 982 F.2d 866, 871- 72 (3d Cir. 1992).  Weekend days and holidays are included in the speedy trial count. *See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011).

11

The Act provides that certain "periods of delay shall be excluded…in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Specifically, the Act excludes:

> [a]ny period of delay resulting from other proceedings concerning the defendant, including …
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> \*\*\*
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

*See* 18 U.S.C. §§ 3161(h)(1)(D) and (H).

Subsections (D) and (H) are the two operative provisions for calculating the non-excludable time under the Act. Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and 3161(h)(1)(H) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *See* 18 U.S.C. §§ 3161(h)(1)(D) and (H). (Emphasis added). Reading these two provisions together, when a pretrial motion is filed, time is excluded under subsection (D) from the filing of the motion through responses to the conclusion of any hearing on that motion, at which time, subsection (H) is triggered and up to thirty (30) days are excluded while the motion is under advisement by the court. If no hearing is held, then the motion is

deemed "under advisement" per subsection (H) as soon as the responses or replies are filed and the motion is "ripe" for resolution. *See, e.g., United States v. Greer*, 527 F.App'x 225, 230 (3d Cir. 2013); *United States v. Felton*, 811 F.2d 190, 196-197 (3d Cir. 1987).

The Supreme Court addressed the interplay of subsections (D) and (H) in *Henderson v. United States*, 476 U.S. 321 (1986). As the Court explained, "when a pretrial motion requires a hearing[,] [3161(h)(1)] subsection (F)[now (D)] on its face excludes the entire period between the filing of the motion and the conclusion of the hearing…whether or not [the] delay in holding that hearing is 'reasonably necessary.'" *Id*. at 330- 331. The Court noted that the Act's exclusion from the seventy-day period for delay is not limited to what is a necessary or reasonable delay; rather the clock stops automatically during all pretrial motions and while the court is awaiting additional filings from parties that are "needed for prompt disposition of the motion." *Id*. at 321.

The Supreme Court proceeded to define "under advisement" as "30 days from the time the court receives all of the papers it reasonably expects." *Henderson,* 476 U.S. at 328-29. The Court noted that this interpretation was consistent with the directives issued by the Senate Committee on the Judiciary, which stated that "if motions are so simple or routine that they do not require a hearing, a necessary advisement time should be considerably less than 30 days." *Id. at 329.* Accordingly, "after the thirty-day excludable time period ends, the speedy trial clock should no longer be tolled and should begin again, regardless on whether the court has issued a ruling." *United States v. Noble,* 2020 U.S. Dist. LEXIS 252182, 21 (W.D. Pa. Dec. 2020).

13

In essence, the Act allows for time to be excludable from the speedy trial calculation from the date a Motion is filed through any proceedings on such Motion. Furthermore, once the court has received all necessary and applicable filings on that Motion, an additional 30-days is excludable pursuant to 18 U.S.C. § 3161(h)(1)(H) due to the matter being "under advisement."

**A.**     **VIOLATION OF KURTZ'S RIGHT TO SPEEDY TRIAL UNDER ACT**

   **1.**     **Timeline of Motions, Hearings and/or Decisions**

   a.     *Continuances/Ends of Justice Findings*

After Kurtz was Indicted on October 8, 2015, twenty-six (26) nonexcludable days passed before the speedy trial clock was paused pursuant to 18 U.S.C. § 3161(h)(1)(H). Subsequently, Kurtz, through counsel, filed three (3) separate Motions to Continue, which properly tolled the speedy trial time since this Court found that pursuant to 18 U.S.C. § 3161(h)(7(A), (B)(i) and (B)(iv), "the interests of the parties and the ends-of-of-justice [were] best served by tolling time," and that "failure to grant the continuance[s] would 'result in a miscarriage of justice.'"   The first Continuance was granted on November 3, 2015, which tolled time until December 2, 2015 (Min. Entry & Not. Order, 11/3/2015); the second Continuance was granted on December 15, 2015, which tolled time until January 13, 2016 (Min. Entry & Not. Order, 12/2/2015); and the third Continuance was granted on January 13, 2016, which tolled time until February 10, 2016. (Min. Entry & Not. Order, 1/13/16).

On February 10, 2016, Kurtz filed his First Motion to Suppress (Doc. #22), along with a Motion to Compel (Doc. #23). After the proper Response and Reply were filed by

14

both parties (Docs. ##26, 29), a hearing date on the Motion to Suppress was set for May 20, 2016.[1] (Not. Of Hearing, 5/10/16). After Kurtz filed a Supplemental Motion to Suppress (Doc. #30), on May 16, 2016, the hearing date was vacated again, and rescheduled for June 24, 2016. (Not. Of Hearing, 5/19/16). Approximately one week before that hearing was to be held, on June 17, 2016, the Government filed an Unopposed Motion to Continue the Suppression Hearing (Doc. #31), stating that "its witness who si both the affiant of the affidavit at issue, as well as the detective who recorded the execution of the search warrant, is out on family medical leave and is not expected to return until 7/27/2016." (Not. Order, 6/17/16). This Court granted the Continuance, noting that time would continue to be properly tolled pursuant to 18 U.S.C. §3161(h)(1)(D), as well as pursuant to 18 U.S.C. §3161(h)(7)(A), (B)(i) since, according to this Court, the "ends of justice" would be served by granting the Continuance.[2] A suppression hearing date was later rescheduled, during a telephonic status conference on June 30, 2016, for August 26, 2016. This Court again noted that time would be properly tolled pursuant to 18 U.S.C. §3161(h)(1)(H) and 18 U.S.C. §3161(h)(7(A), (B)(i) and (B)(iv).

On August 22, 2016, a Joint Motion to Continue the suppression hearing was filed by both parties (Doc. #33). The Motion was granted, and the previous August 26, 2016,

---

[1] A hearing was previously set for May 12, 2016 (Not. Of Hearing, 4/26/16), but the Court, through Entry, vacated and rescheduled the hearing for May 20, 2016. (Not. Of Hearing, 5/10/16.

[2] The Court also noted that time would be properly tolled since the parties were actively involved in plea negotiations, citing to *United States v. Montgomery. Montgomery,* 395 F. App'x at 177, 182.

hearing was replaced with a status conference on that same day, at which the suppression hearing was rescheduled for October 21, 2016. (Not. Order, 8/24/16; Min. Entry, 8/26/16). At this hearing, Kurtz's Motion to Compel was Denied as Moot. (Min. Entry & Not. Order, 10/26/16). In advising the Motion to Suppress (Docs. # 22, 30, 35), the Court granted defense counsel's request to submit post-hearing briefs once the transcript was filed on the docket, and explains that time will remain tolled, pursuant to 18 U.S.C. §3161(h)(1)(H), until those briefs were filed by both parties. *Id.* Hearing Transcripts filed on November 7, 2016 (Doc. # 38), and after two (2) separate joint Motions for Extension of Time (Docs. #40, 41), the deadline schedule to file the post-hearing motions was set for December 19, 2021, and all time until that filing date, tolled accordingly. However, on December 19, both parties contacted this Court and explained that a resolution had almost been met between them and requested a Stay of the briefing as to Kurtz's Motion to Suppress. This Court allowed the Stay of briefing and advised that both parties must notify the Court of the status of plea negotiations no later than January 13, 2017.

The parties then filed two (2) separate Motions to Continue in order to further engage in plea negotiations – the first on January 13, 2017, which extended time for negotiations until February 3, 2017, and the second on February 3, 2017, which extended time for negotiations until March 2, 2017. (Not. Orders, 1/17/17, 2/9/17). With the granting of each Continuance, the Court cited to *Montgomery, supra*, to identify plea negotiations as "other proceedings" that properly toll time pursuant to 18 U.S.C. § 3161(h)(1)(H). *Id.*

The case was eventually set for a status hearing by telephone on April 5, 2017. (Not. of Hearing, 3/28/17). During that conference call, the parties stated that active plea negotiations had reached an impasse, and the Government requested a further continuance of the issue as they were waiting to receive a forensic report from an expert witness, which would require more time for each party to submit briefs. (Min. Entry & Not. Order, 4/7/17). The Court directed the parties to propose a viable briefing schedule no later than April 13, 2017. The Court also stated that time continued to toll pursuant to § 3161(h)(1)(D) while the Defendant's Motion to Suppress remained pending, and further that, "time elapsing from the date of the parties' last status report (3/2/17) through the date of the status conference (4/5/17) shall be excluded from the speedy trial computation," pursuant to the *Montgomery* decision regarding plea negotiations, as well as the time that continues to toll from April 5, 2017 through the filing of the anticipated briefs. (Min. Entry & Not. Order, 4/7/17).

A briefing schedule was issued on April 19, 2017, requiring Kurtz to submit a supplemental Motion by June 19, 2017, with the Government's response due on or before June 24, 2017. (Min. Entry & Not. Order, 4/19/17). On June 13, 2017, the Government submitted a request to extend the briefing schedule, stating that the completion of the relevant forensic report had been delayed until the end of July. (Min. Entry & Not. Order, 6/14/17). This unopposed request was granted, and the briefing schedule was vacated and rescheduled, adjusting the due date for Defendant's supplemental Motion to August 7, 2017, the Government's response due by August 28, 2017, and the Defendant's Reply, if any, due by September 11, 2017. *Id.* The Court noted that it "EXTENDS its prior finding

as to speedy trial (Min. Entry & Not. Order, 4/7/2017) and time shall continue to toll until the filing of Defendant's supplemental motion." *Id.*

Kurtz filed his first Motion for Extension of Time to File his Supplemental Motion to Suppress (Doc. #42) on August 18, 2017, requesting that the filing deadline be extended until September 18, 2017. On August 23, 2017, defense counsel asked the Court to extend the deadline until September 25, 2017, in order to afford adequate time to obtain independent expert evaluation of the Government's forensic report. Defendant's Motion (Doc. #42) and subsequent request for extension of time were granted, and the previous briefing schedule was vacated and rescheduled, allowing a due date of September 25, 2017, for Defendant's supplemental Motion, and a deadline of October 16, 2017 for the Government's response. (Min. Entry & Not. Order, 8/24/17). The Court incorporated its prior findings as to speedy trial and noted that time would remain tolled until the filing of Defendant's supplemental Motion. *Id.*

Kurtz filed a Motion to Dismiss the Government's forensic report (Doc. #43) on September 25, 2017, followed by a Supplemental Memorandum in support of the initial Motion (Doc. #44) the following day. In response, the Government filed a Motion for Extension of Time to reply to Kurtz's Motions (Doc. #45) on October 13,2017, requesting a new filing deadline of October 27, 2017. The Court granted said request on October 17, 2017. (Not. Order, 10/17/17). The Government filed its response on October 27, 2017 (Doc. #46), and the defense submitted their Reply on November 11, 2017. (Doc. #47). The Court scheduled a status conference for February 2, 2018, to review the parties' briefings.

During the February 2, 2018, status conference, the parties jointly asked the Court to set an evidentiary hearing no sooner than eight (8) weeks in the future in order to give both sides adequate time to schedule their respective experts. Proposed dates for the evidentiary hearing regarding the Defendant's Motion to Dismiss (Doc. #43) were provided to the Court with the understanding that time would remain tolled until hearing dates were scheduled. On February 22, 2018, the Court set a hearing date for May 3, 2018. Kurtz filed an unopposed Motion to Continue the hearing date on April 26, 2018 (Doc. #48), which the Court granted the following day. Accordingly, the May 3, 2018, hearing date was vacated and set to be rescheduled when defense counsel was prepared to proceed. In the interim, time continued to be tolled pursuant to both 18 U.S.C. § 3161(h)(1)(D) and 18 U.S.C. § 3161(h)(7)(A), (B)(i) & (iv).

A status conference was conducted on May 31, 2018, at which time the parties agreed on a hearing date of August 7, 2018. The hearing commenced on August 7, 2018 and continued through August 8, 2018. At the conclusion of the hearing, the Court ordered that transcript be made available, and declared that a decision would be issued. (Min. Entry, 8/9/18). The transcripts of the evidentiary hearing on Defendant's Motion to Dismiss (Doc. #43) were filed on August 20, 2018. (Docs. #52, #53). To date, no decision has been issued regarding Defendant's Motion to Dismiss the Forensic Report. (Doc. #43).

Nearly one (1) year later, on August 18, 2019, undersigned counsel filed a Supplemental Memorandum in Support of the Defendant's Motion to Suppress. (Doc. #55). One week later, on August 24, 2019, counsel filed a Motion to Dismiss the Indictment, or, in the Alternative, Motion for a Bill of Particulars (Doc. #56).

19

The Court conducted a status conference on June 17, 2020. At that time, a briefing schedule was issued on the Motion to Dismiss the Indictment/Motion for a Bill of Particulars, allowing the Government fourteen (14) days to file any Response in Opposition, with a seven (7) Reply period for the Kurtz, if he so desired. (Min. Entry, 6-17-20). The Court stated that once the relevant briefings had been provided, the matters would be taken under advisement and decisions would be forthcoming in the near future. The Court further noted that "briefing on the motions to suppress (Docs. ## 22, 30, 35) remains stayed pending the Court's resolution of the motions to dismiss." *Id.*

The Government filed a Motion for Extension of Time to File Response/Reply (Doc. #59) as to Defendant's Motion to Dismiss/Bill of Particulars (Doc. #56). The extension was granted, and a new deadline to respond was set for July 24, 2020. (Not. Order, 7/10/20). On July 24, 2020, the Government filed both its Response in Opposition (Doc. #60) regarding Kurtz's Motion to Dismiss Indictment/Bill of Particulars (Doc. #56), as well as its Response in Opposition (Doc. #61) to Kurtz's first Motion to Suppress (Doc. #22). The defense filed replies to both Government responses on August 7, 2020. (Docs. ## 62, 63).

To date, no hearing has been scheduled or conducted on these Motions, nor has any decision been issued. Likewise, no trial date has been set.

### b. *Pretrial Motions*

#### i. *Motion to Substitute Attorney/Oral Motion to Continue*

Kurtz was indicted on October 8, 2015. (Doc. #12). On November 3, 2015, defense counsel filed a Motion to Substitute Attorney (Doc. #20), as well as an additional oral

Motion to Continue the Motion Filing Deadline, and the Trial Date.[3]  A subsequent Motion to Suppress (Doc. #22) was filed on February 10, 2016.  After multiple continuances and extensions of time were granted, which properly tolled time pursuant to 18 U.S.C. § 3161 (h)(1)(D), a Supplemental Memorandum Supporting that Motion to Suppress (Doc. #55) was filed.  All parties filed their final responses and replies by on August 7, 2020.  As such, the time period from November 4, 2015, to August 7, 2020, is excludable under Section 3161(h)(1)(D).

*ii.*  ***Motion to Compel***

On February 10, 2016, Kurtz filed a Motion to Suppress all evidence seized pursuant to the January 22, 2015, search warrant that was executed at his residence in Springboro, Ohio (Doc. #22), as well as a Motion to Compel discovery. (Doc. #23).  After granting multiple requests for a continuance filed by both the Government and the defense, an evidentiary hearing was held on October 26, 2016.  The Court issued an Entry denying Kurtz's Motion to Compel (Doc. #23) as moot. (Min. Entry & Not. Order, 10/26/16). However, the Court asserted that Kurtz's Motion to Suppress was still pending, thereby tolling the time under the Act pursuant to 18 U.S.C. § 3161(h)(1)(D). *Id.* Additional Motions for continuances filed by both parties served to toll speedy trial time from October 21, 2016, until August 7, 2020.

---

[3] The twenty-six (26) days between Kurtz's Indictment and the filing of his first motion are not excludable from his speedy trial calculation.

### iii.    Motion to Dismiss

On September 25, 2017, Kurtz, filed a Motion to Dismiss the Government's Forensic Report. (Doc. #43).  A supplemental Memorandum in support of said request was filed the following day. (Doc. #44).  The Government filed a response in opposition on October 27, 2017 (Doc. #46), which the defense responded to on November 10, 2017. (Doc. #47).  The Court conducted an initial hearing on the Motion on August 7, 2018, which continued through August 9, 2018.  At the conclusion of the hearing, the Court ordered transcripts of the proceedings in order to issue a decision.  The transcripts were filed on August 20, 2018; however, no decision has been issued to date.

Because the Court had received all of the pleadings and documents required to resolve the Motion when the transcripts were filed, the matter should be properly deemed "under advisement" as of August 20, 2018.  Thereafter, thirty (30) additional days should be excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(1)(H).  As such, the speedy trial time would recommence on or about September 19, 2018.[4]

### iv.    Motion for Bond

On June 28, 2016, Kurtz's counsel filed what they believed to be an unopposed Motion for Bond. (Doc. #32).  The Court denied the request during a status conference on July 30, 2016. (Minute Entry & Not. Order, 07/01/2016).  A second request for bond was filed on May 6, 2020. (Doc. #57).  The Court subsequently denied the Motion on June 17,

---

[4] Because Kurtz's Motion to Suppress (Doc. #22) was also pending at that time, the Speedy Trial clock continued to toll in accordance with 18 U.S.C. § 3161(h)(1)(D).

2020. Accordingly, Defendant's Motions for Bond served to toll the Speedy Trial Clock from June 28, 2016, until July 30, 2016, and from May 6, 2020, until June 17, 2020.

### v. Motion to Dismiss/Request for BOP

On August 24, 2019, defense counsel filed a Motion to Dismiss the Indictment, or, in the Alternative, Motion for a Bill of Particulars (Doc. #56). At a status conference on June 17, 2020, the Court set the following briefing schedule: the filing date for the Government's Response in Opposition would be fourteen (14) days from the date of the status conference, and Kurtz's Reply, if any, would be due seven (7) days after that. (Minute Entry, 06/17/2020). The Court noted at that time that "as previously requested by the parties, briefing on the motions to suppress (Docs. ## 22, 30, 35) remains stayed pending the Court's resolution of the motions to dismiss." (Minute Entry, 06/17/2020).

The Government filed an unopposed Motion for Extension of Time to File Response/Reply (Doc. #59) as to Motion to Dismiss/Motion for Bill of Particulars (Doc. #56), on July 9, 2020. The extension was granted the following day, and a new briefing schedule was set allowing the Government a deadline of July 24, 2020, to file a Response in Opposition, and allowing Defendant to fourteen (14) additional days to file a Reply. (Not. Order, 7/10/20). On July 24, 2020, the Government filed its Response in Opposition to Kurtz's Motion to Dismiss/Motion for a Bill of Particulars (Doc. #60), and Kurtz's Reply was submitted on August 7, 2020. (Doc. #62).

To date, no hearing has been scheduled or conducted on these Motions, nor have any decisions been issued. However, because the Court had received all pleadings

necessary in order to render a decision on Defendant's Motion to Dismiss, the matter should be deemed "under advisement" as of August 7, 2020 – *i.e.*, the date upon which all pleadings necessary to render a decision on the matter had been filed. Pursuant to 18 U.S.C. § 3161(h)(1)(H), speedy trial time tolled until September 7, 2020 – *i.e.*, thirty (30) days after the Court received all pleadings necessary to make a decision on the pending Motion. Thereafter, the speedy trial clock resumed.

### vi. *Motion to Suppress*

On September 18, 2019, the undersigned filed a Supplemental Memorandum Supporting the First Motion to Suppress.[5] (Doc. #55). The Court conducted a status conference on June 17, 2020, to discuss the pending Supplemental Motion to Suppress as well as the Motion to Dismiss/Motion for a Bill of Particulars. At that time, the Court provided the parties with a briefing schedule for the remaining Motions. Specifically, the Court instructed the Government to file its responses within fourteen (14) days and permitted the defense an additional seven (7) days to submit any responses. (Min. Entry, 6/17/20). The Court advised the parties that once all briefings had been received, it would take the matters under advisement and issue its decisions in a timely fashion.

On July 9, 2020, the Government filed a Motion to extend the foregoing deadlines (Doc. #59). The Court granted said request and directed the Government to file its

---

[5] The pleading was intended to supplement the original Motion to Suppress (Doc. #22), which was filed on February 10, 2016.

responses on or before July 24, 2020. (Not. Order, 7/10/20). The Court also extended the deadline for the Defendant's Reply by fourteen (14) days. *Id.*

The Government filed a response in opposition to Defendant's Supplemental Motion to Suppress on July 24, 2020, (Doc. #61), and the defense submitted a Reply thereto on August 7, 2020. (Doc. #63). As such, all relevant pleadings had been filed with the Court as of August 7, 2020. To date, no decision has been issued regarding said Motions, nor has any further action been taken by the Court.

Because the Court had received all pleadings necessary in order to render a decision on Defendant's Motions to Suppress, the matter should be deemed "under advisement" as of August 7, 2020. Pursuant to 18 U.S.C. § 3161(h)(1)(H), speedy trial time tolled until September 7, 2020 – *i.e.*, thirty (30) days after the Court received all pleadings necessary to make a decision on the pending Motion. Thereafter, the speedy trial clock resumed.

### 2. Summary of Calculable Speedy Trial Days

As discussed *supra*, the Speedy Trial Act requires that a defendant be brought to trial "within seventy days of the filing date…of the information or Indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Here, Kurtz was Indicted on October 8, 2015, and subsequently filed his first Motion (Doc. #20) twenty-six days later, on November 3, 2015, which served to pause the clock on calculable speedy trial days, pursuant to 18 U.S.C. § 3161(h)(1)(D). After a series of continuances, which properly tolled speedy trial time, Kurtz filed his First Motion to Suppress (Doc. #22) on

February 10, 2016. Time continued to toll properly while said Motion (Doc. #22) remained pending pursuant to 18 U.S.C. § 3161(h)(1)(D) and 18 U.S.C. § 3161(h)(7(A), (B)(i) and (B)(iv), for nearly four (4) and a half years, until Kurtz filed a Supplemental Memorandum in Support of his first Motion to Suppress (Doc. #55) on September 18, 2019, followed by a Motion to Dismiss the Indictment, or in the alternative, Motion for a Bill of Particulars (Doc. #56), one week later on September 24, 2020.[6]

As of June 28, 2016, after this Court denied Kurtz's Unopposed Motion for Bond during a status conference , the only pending Motions – and, hence, the only basis to toll the speedy trial clock – were Defendant's Motion to Dismiss/Request for BOP and Defendant's Motion to Suppress.[7]  Because the Court had received all pleadings related to those Motions as of August 7, 2020, the speedy trial clock tolled for an additional 30 days pursuant to 18 U.S.C. § 3161(h)(1)(H).  Absent any intervening Motions or similar grounds to extend the tolling, the speedy trial clock resumed as of September 7, 2020).

From September 7, 2020, to the present, 360 days have elapsed.  When combined with the twenty-six (26) days between Kurtz's Indictment and the filing of his first Motion, 386 days have elapsed.  And, in the absence of any intervening excludable event

---

[6] Kurtz also filed the aforementioned, Supplemental Motion to Suppress (Doc. #30), on May 10, 2016, and Second Motion to Suppress (Doc. #35), on October 17, 2016.

[7] This Court held a Hearing on Kurtz's Motion to Dismiss the Government's Forensic Report (Doc. #43) and stated through Entry (Min. Entry, 8/9/18) that it would issue a decision once transcripts were prepared, however no decision was ever issued. This issue does not, however, affect Kurtz's speedy trial clock due to the pendency of the Motions to Suppress (Doc. ## 22, 30, 35).

or tolling Order, all 386 days must be deemed non-excludable under the Act. Therefore, 386 non-excludable days have elapsed in direct contravention of the Speedy Trial Act.

**B.      NO BASIS TO EXCLUDE TIME**

**1.      Prospect of Future Hearings on Pending Motions**

In *Henderson*, *supra*, the Supreme Court explained that exclusions are permitted "of up to 30 days while the district court has a motion 'under advisement.'" The Supreme Court went on to define "under advisement" as "30 days from the time the court receives all of the papers it reasonably expects." *Henderson*, 476 U.S. at 328-29. The Senate Committee on the Judiciary further clarified that "if motions are so simple or routine that they do not require a hearing, a necessary advisement time should be considerably less than 30 days." *Id.* at 329. Therefore, after the thirty-day excludable time period ends, the speedy trial clock is no longer be tolled regardless of whether the court has issued a ruling. This approach has been adopted by a number of Circuit Courts, including the Sixth Circuit. *See, e.g., United States v. Richmond*, 735 F.2d 213 (6th Cir. 1984)(finding that although the five days following the hearing on a Motion were not excludable under 18 U.S.C. § 3161(h)(1)(F) (now § 3161(h)(1)(D)), the days were excludable under § 3161(h)(1)(J) (now § 3161(h)(1)(H)) as "under advisement" allotting the court time "not to exceed thirty days" to issue an order on the motion); *United States v. Greer*, 527 F.App'x 225, 230 (3d Cir. 2013)(finding only thirty days properly excludable as a result of defendant's Jencks request where no hearing was held); *United States v. Felton*, 811 F.2d 190, 196-197 (3d Cir. 1987)(finding a thirty-day limit applies to "under advisement" period); *United States v. Johnson*, 29 F.3d 940 (5th Cir. 1994)(holding that once a court has

27

received all submissions from counsel, the motion is considered "under advisement" thereby triggering the thirty-day excludable time period set forth in 18 U.S.C. § 3161(h)(1)(H)); *United States v. Ortiz*, 23 F.3d 21, 28 n. 6 (1st Cir. 1994)("[a]lthough the record is not entirely clear on this point, the district court, which never ruled on [defendant's] motions, apparently treated them as motions which did not require a hearing, and which therefore only toll the 70-day period for 30 days").

Respectfully, any attempt to argue that the Court might possibly schedule a hearing on a pending Motions at some point in the future to indefinitely toll the Act is inconsistent with the Supreme Court's holding in *Henderson*, *supra*. Such a conclusion would render it impossible for a defendant to calculate non-excludable time, effectively pausing the clock indefinitely while the court decides whether to conduct a hearing on the pending Motion(s). Furthermore, in the event that the court does not hold a hearing on a pending Motion and instead proceeds to trial, the result would be a retroactive violation of the defendant's right to a speedy trial. However, said violation could not be determined or acted upon until after the trial commenced. Conversely, if the court does eventually conduct a hearing, the entire time the Motion was pending would arguable be excludable. Such a result would contravene the Act's mandates of "prompt disposition" and the thirty-day advisement period.

Apart from constituting an erroneous extension of *Henderson*, *supra*, such an approach would contravene the litigation posture adopted by the Government in this case. Most notably, the Government never requested a hearing on either the Supplemental Motion to Suppress (Doc. #55) filed on September 18, 2019, or the Motion

28

for a Bill of Particulars (Doc. #56) filed on September 24, 2019. In fact, the Government failed to file any Reply to said pleadings until directed by the Court during the July 24, 2020, status conference.

In short, it is inapposite to conclude that the pending Motions require a hearing such that they can serve to toll the speedy trial clock. Again, a contrary conclusion would defeat the purposes of the Act. *See, e.g., United States v. Bryant*, 523 F. 3d 349, 359 (D.C. Cir. 2008)("the District Court never held a hearing on the Rule 609 question, nor did it ever indicate that such a hearing might be required. Thus, once…counsel failed to file a timely response…the Rule 609 filing was 'under advisement' by the District Court. This meant that the trial judge could toll the speedy trial clock only for an additional 30 days while deciding the motion"). Respectfully, the mere possibility of a hearing being scheduled cannot properly toll the speedy trial clock under 18 U.S.C. § 3161(h)(1)(D) for months and/or years after Motions are filed.

### 2. General Orders

The undersigned recognizes the impact that the COVID-19 pandemic had on the judicial system, particularly with attempts to balance the safety of the public and the defendants' constitutional rights to a speedy trial. In response to the national pandemic stemming from COVID-19, the Presiding/Administrative Judge for the Southern District of Ohio issued a series of General Orders setting forth amendments to court procedures and excluding certain time under the Act. The first General Order No. 20-02, which was issued on March 12, 2020 (and amended by General Order No. 20-04, on March 13, 2020), provided a thirty (30) day continuance for "all civil and criminal matters scheduled for

jury trial before any district or magistrate judge in the Southern District of Ohio." Per the terms of the Order, the thirty (30) day-time period was expressly excluded under the Act.

Subsequent Orders were issued extending the excludable days for all matters that were scheduled for jury trial including: General Order 20-05, issued on March 20, 2020; General Order 20-07, issued on March 30, 2020, which allowed for video and telephone conferences to accomplish specified court procedures; General Order 20-08, issued on April 3, 2020; General Order 20-17, issued May 29, 2020, which set forth a Reconstitution Plan intended to guide court operations moving forward throughout the pandemic; General Order 20-23, issued on July 23, 2020; General Order 20-25, issued on August 20, 2020; General Order 20-27, issued on September 29, 2020; General Order 20-31, issued on October 30, 2020, which was an extension of General Order 20-27; General Order 20-36, issued on November 25, 2020; General Order 20-38, issued on December 21, 2021; General Order 21-02, issued on January 11, 2021General Order 21-04, issued on January 29, 2021; General Order 21-06, issued on February 26, 2021; General Order 21-07, issued on March 3, 2021, which allowed the resumption of all civil and criminal jury trials, subject to the conditions set forth in the Order; and General Order 21-11, issued on May 7, 2021, which allowed the re-opening of federal courthouses in the United States District Court for the Southern District of Ohio for all proceedings, including in-court proceedings.

In the matter *sub judice*, there was no trial date scheduled prior to the issuance of the first General Order on March 13, 2020, nor has any trial date been set since that time. Thus, the "ends of justice" findings set forth in those Orders could not serve to toll speedy trial time in this case. This interpretation is consistent with the clear language of the

Orders, which expressly authorized judges to conduct hearings and/or issue decisions on pending Motions either in-person or virtually. Because such proceedings were permissible, there is no basis to conclude that the General Orders served to exclude any of the days after the "under advisement" period ended, *to wit*: September 6, 2020, which is thirty (30) days after the Court received all pleadings necessary in order to render a decision on the motions.

Accordingly, the speedy trial clock resumed as of September 7, 2020. Since that time, 360 non-excludable days have elapsed, which are not attributable to Kurtz. When combined with the twenty-six (26) days that elapsed prior to the filing of Kurtz's initial Motion to Substitute Attorney and oral motion to continue the motion filing deadline (Doc. #20), a calculable 386 non-excludable days have passed. Because the non-excludable days far surpass the seventy (70) days permitted under the Act, Kurtz is entitled to a dismissal of the Indictment forthwith.

Even assuming, arguendo, that the General Orders are deemed applicable to toll the speedy trial clock in this case, Kurtz's right to a speedy trial has nevertheless been violated. As previously noted, the first General Order tolling speedy trial time was issued on March 13, 2020. Subsequent Orders extended the excludable time through May 3, 2021, at which time the Presiding/Administrative Judge issued the following a Further Order Regarding Court Operations Under the Ongoing Exigent Circumstances Created by COVID-19:

As approved by the Court at a Judges' meeting on April 26, 2021, IT IS HEREBY ORDERED:

1. Effective Monday, May 3, 2021, the federal courthouses in Cincinnati, Columbus, and Dayton shall be open for all proceedings, including in-court proceedings.

(General Order 21-11). Thus, by all accounts, the courthouse re-opened for in-person judicial proceedings beginning on May 3, 2021, and the previous directives excluding speedy trial time due to COVID-19 ceased to exist as of that date.

From May 3, 2021, to the present, 122 days have elapsed. When combined with the twenty-six (26) days that elapsed before the filing of Kurtz's first motion, a total of 146 non-excludable days have passed. Even allowing an additional thirty (30) days from May 3, 2021 (*i.e.*, date of re-opening) pursuant to 18 U.S.C. § 3161(h)(1)(H), a total of 116 non-excludable days have passed. Thus, regardless of whether the General Orders served to toll all time between March 13, 2020, and May 3, 2021, Kurtz is still able to establish a violation of his right to a speedy trial under the Act.

**D.      DISMISSAL WITH PREJUDICE**

If a defendant is not brought to trial within the seventy-day limit, the Act requires the charges be dismissed forthwith. *See* 18 U.S.C. § 3162(a)(2); *see also Zedner*, 547 U.S. at 509 (sanction for a violation of the Speedy Trial Act is dismissal). The Act further provides that:

> [i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 U.S.C. §§ 3161 et seq.] and on the administration of justice.

32

*See* 18 U.S.C. § 3162(a)(2). Thus, although dismissal of the charges is required, "the district court retains broad discretion whether to dismiss the [charges] with or without prejudice." *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006).

### 1.    Seriousness of the offenses

In the matter *sub judice*, application of the factors set forth in 18 U.S.C. § 3162(a)(2) dictate that the charges should be dismissed with prejudice. As to the first factor, there is no dispute that Kurtz is facing serious charges. The offenses carry a penalty of not less than five (5) years and not more than twenty (20) years of imprisonment. *See* 18 § U.S.C. 2422(a); *see also United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987)(an appropriate measure of the seriousness of an alleged offense is "the punishment prescribed by statute"). Generally, crimes that carry penalties of five (5) years or more are considered serious offenses for purposes of the Act. *See, e.g., United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010)(holding crimes that carried maximum penalties of five years or more were serious offenses); *United States v. Salgado-Hernandez*, 790 F.2d 1265, 1268 (5th Cir. 1986)(noting with approval that the Seventh Circuit has held an offense punishable by imprisonment for five years is serious for purposes of the Act).

### 2.    Facts and circumstances leading to dismissal

The second factor under the Act considers "the facts and circumstances of the case which led to the dismissal." *See* 18 U.S.C. § 3162(a)(2). "This factor requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign

hitch in the prosecutorial process?" *Stevenson*, 832 F. 3d at 420. Ultimately, this factor seeks to lay blame at the feet of either the defendant or the Government – whether that be the prosecutor or the court. *See United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988); *see also United States v. Bert*, 814 F.3d 70, 80 (2d Cir. 2016). "[T]he appropriateness of barring re-prosecution increases in relatively direct proportion to the degree of culpability which attaches." *Hastings*, 847 F.2d at 925. At one end of the spectrum is where the delay results from "intentional noncompliance with the Act or from actions designed to gain unfair prosecutorial advantage," with such conduct weighing heavily in favor of dismissal with prejudice. *Id.*; *see also Stevenson*, 832 F.3d at 420. On the other end is where the Government committed "an isolated administrative oversight" or "[r]andom negligence." *Hastings*, 847 F.2d at 925. Somewhere in between these two extremes is where the "delay is occasioned by a pattern of Governmental inattention." *Stevenson*, 832 F.3d at 420.

This case stands in stark contrast to the multidefendant, multicount "chaos" present in *Stevenson*, *supra*, which resulted in the violation of the Act by approximately thirty-three (33) days. Here, there is a two (2) count Indictment involving one (1) defendant. Although the offenses are undoubtedly serious, the case has been pending for more than 300 days beyond the 70-day limit permitted under the Act.[8] While Kurtz admittedly exercised his right to file various pretrial Motions, there is nothing

---

[8] Assuming General Orders pertaining to delays caused by the COVID-19 pandemic toll all time up until the Court's officially opened for in-person proceedings on May 3, 2021, at least 116 days have elapsed even under the most generous calculation.

substantively complex or legally confounding about these pleadings. And, although there is nothing to suggest that the Government is implementing a strategy to needlessly complicate or delay the proceedings, the Government's inaction must also be considered. *See, e.g., United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992); *United States v. Bert*, 814 F.3d 70 (2d. Cir. 2016)("district courts…look to prosecutors for assistance as officers of the court…[and they should] be alert to [Speedy Trial Act] calculations in order to aid the court in its enforcement of the [Speedy Trial Act]"); *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000)(dismissing Indictment with prejudice where Government failed to notify the court the speedy trial deadline was approaching nor had passed).

The Court's role in the alleged violation of Kurtz's right to a speedy trial must also be analyzed. *See Hastings*, 847 F.2d at 925 ("[i]n scrutinizing the circumstances which gave rise to the speedy trial violation – the focus on the culpability of the delay-producing conduct – the conduct of the court is included in the equation"). The Act thus controls the conduct of the parties and the court itself during criminal pretrial proceedings. *United States v. Pringle*, 751 F.2d 419, 429 (1st Cir. 1984). Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself. *Id.* The Act is as much aimed at the delay caused by judicial congestion and mismanagement as it is aimed at the deliberate stalling of counsel. *See* 120 Cong. Rec. 41618 (1974) (statement of Sen. Ervin). *Id.* "Where…the delay-causing conduct is attributable to the sovereign (the court or the prosecutor), it inveighs progressively in favor of the accused. As we see it, the appropriateness of barring re-prosecution increases in relatively direct proportion to the degree of culpability which attaches." *Hastings*, 847 F.2d at 925.

Here, the Court's delay and inattention also contributed to the violation of Kurtz's right to a speedy trial under the Act. The periods of non-excludable delay are simply not attributable to Kurtz and must be laid at the feet of the Court and the Government.

**3.    Impact of re-prosecution and prejudice to Kurtz**

As to the final factor to consider under 18 U.S.C. § 3162(a)(2), the Supreme Court has previously explained that:

> [s]ection 3162(a)(2)'s language establishes that, in determining whether to dismiss with or without prejudice, courts must consider at least the three factors specified in the section. The Act's legislative history indicates that prejudice to the defendant should also be considered before re-prosecution is barred, and that the decision to dismiss with or without prejudice is left to the district court's guided discretion, with neither remedy having priority.

*United States v. Taylor*, 487 U.S. 326, S*yllabus* (1988). "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Id.* at 340. Apart from any possible prejudice to the defendant's ability to mount an effective defense, "inordinate delay between public charge and trial…may seriously interfere with the defendant's liberty…and…may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Id.* at 341.

In the case at bar, it is clear that Kurtz has been prejudiced by the delay of the instant proceedings. As this Court is aware, the affiant/officer responsible for the investigation into Kurtz's alleged unlawful conduct, Sergeant Larry Cornett, passed away unexpectedly on June 2, 2018, approximately two (2) months before Kurtz's scheduled evidentiary hearing. Sergeant Cornett's absence during this hearing

prejudiced Kurtz by depriving defense counsel of the opportunity to cross-examine the affiant on the details of the investigation that are presented in the submitted affidavit either at the hearing or during the trial of this case. Kurtz will continue to suffer prejudice by Sergeant Cornett's unavailability as counsel will be unable to question Cornett during a trial of this matter.

Apart from the unavailability of a key witness in this case, Kurtz has also suffered significant prejudice in his personal life. As a result of the delay and his current detention, Kurtz's personal relationships and livelihood have been irreparably damaged. Furthermore, his efforts to secure evidence and witnesses for his defense have been inhibited, and he has been forced to incur substantial legal fees and expenses. *See e.g., Noble,* 2020 U.S. Dist. LEXIS 252182 at 40 (deciding that dismissal with prejudice was proper after considering, inter alia, the Defendant's alleged prejudice which resulted in harm to his personal relationships and livelihood).

Most significantly, Kurtz has been deprived of his freedom for nearly six (6) years as a result of his detention in this case. This lengthy period of pretrial incarceration for a two (2) count Indictment – and the likely continued incarceration that would results from re-prosecution – weighs heavily in favor of dismissal with prejudice. *See, e.g., United States v. Moss*, 217 F.3d 426 (6th Cir. 2000)(holding that "the impact on [the defendant's] liberty" after "be[ing] incarcerated for two years" was significant); *United States v. Tinklenberg*, 562 U.S. 647, 656 (2011)(dismissing with prejudice defendant's Indictment for federal drug and gun charges after calculating seventy-six (76) non-excludable days finding that re-prosecution would be contrary to justice when defendant already served his sentence);

*United States v. Clymer*, 25 F.3d 824, 831-32 (9th Cir. 1994)(considering total delay of 522 excludable and non-excludable days and holding that "'the sheer length of the period involved' weighs heavily in favor of dismissal with prejudice"). This is particularly true when considering that Kurtz has already been incarcerated longer than the mandatory minimum sentence required for the pending charges in this case.

## III. CONCLUSION

There is no dispute that Kurtz's offenses are serious in nature. The substantial delay attendant to this case, albeit unintentional, demonstrates disregard for the Act, Kurtz's constitutional right to a speedy trial, and the public's compelling interest in ensuring that the Government and courts administer justice fairly and properly. The absence of any bad faith does not absolve the Court or the Government of their obligations, nor does it supersede Kurtz's constitutional right to a speedy trial or his liberty interest. *See United States v. Reese*, 2019 U.S. Dist. LEXIS 120527 (M.D. Pa. July 19, 2019)(district court determined that the 18 U.S.C. § 3162(a)(2) factors all weighed in favor of dismissal with prejudice, despite finding no bad faith or prosecutorial misconduct on the part of the Government). Kurtz has not contributed to the 386 non-excludable-day delay in this case and has been incarcerated while awaiting trial for almost six (6) years.

Even excluding all time covered by the General Orders due to COVID-19, Kurtz's speedy trial rights were still violated in this case. These facts, as well as the demonstrable prejudice that Kurtz has suffered, mandate that the charges be dismissed with prejudice. A contrary conclusion would undoubtedly frustrate the Act's purposes of protecting and

effectuating defendants' rights to a speedy trial and furthering the interests of the public in the fair and timely resolution of criminal cases.

     **WHEREFORE**, the Defendant, Nicholas Kurtz, hereby respectfully moves this Honorable Court to issue an Order Dismissing all charges as a result of the violation of Kurtz's right to a Speedy Trial under the Sixth Amendment to the United States Constitution.

                          Respectfully submitted,
                          NICHOLAS KURTZ
                          By Counsel

                          /S/ Eric C. Nemecek
                          ERIC C. NEMECEK (0083195)
                          IAN N. FRIEDMAN (0068630)
                          Co-Counsel for Defendant
                          Friedman & Nemecek, L.L.C.
                          1360 East 9th Street, Suite 650
                          Cleveland, OH 44114
                          P: (216) 928-7700
                          F: (216) 820-4659
                          E: ecn@fanlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply was filed this 3rd day of September, 2021, by way of the Court's CM/ECF system, which will send a notification of said filing ("NEF") to the following:

Christy Muncy
Assistant United States Attorney
Office of the United States Attorney

/S/ Eric C. Nemecek
ERIC C. NEMECEK
IAN N. FRIEDMAN
Co-Counsel for Defendant