# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  August 25, 2022

Mr. Eric C. Nemecek

Mr. Jon Paul Rion

    Re:  Case No. 22-3719, *In re: Nicholas Kurtz*
         Originating Case No.  1:15-cr-00107-1

Dear Counsel:

    The petition for writ of mandamus or prohibition has been docketed as case number **22-3719** with the caption listed above.  If you have not already done so, you must mail a copy of the petition to the lower court judge and counsel for all the other parties.

    Counsel for petitioner must file an Appearance of Counsel form and, if not admitted, apply for admission to the 6th Circuit Bar by September 7, 2022.  The forms are available on the court's website.

    The district court judge to whom this petition refers has been served with this letter.

                        Sincerely yours,

                        s/Monica M. Page
                        Case Manager
                        Direct Dial No. 513-564-7021

cc:  Mr. Richard W. Nagel

Case No.

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

IN RE NICHOLAS KURTZ,

*Petitioner.*

---

On Appeal from the United States District Court
for the Southern District of Ohio, Western Division
No. 1:15-cr-00107-TSB-1

---

**PETITION FOR WRIT OF MANDAMUS**

---

Eric C. Nemecek(0083195)            Jon Paul Rion(0067020)
Mary K. Walsh(100937)               Catherine H. Breault(0098433)
Friedman & Nemecek, L.L.C.          Rion, Rion and Rion, L.P.A. Inc.
1360 East 9th Street                130 West Second Street
Suite 650                           Suite 1250
Cleveland, Ohio 44114               Dayton, Ohio 45502
(216) 928-7700                      (937) 223-7915
*Counsel for Petitioner*            *Counsel for Petitioner*

## PETITION FOR WRIT OF MANDAMUS

Petitioner, Nicholas Kurtz, hereby seeks a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Appellate Procedure 21(a), to compel the United States District Court for the Southern District of Ohio, Western Division, the Honorable Timothy S. Black, to rule on Petitioner's pending Motions, including two (2) separate Motions to Dismiss for Violation of Speedy Trial Rights (R. 64 and R 66, respectively), in Case No. 1:15-cr-00107-TSB-1, styled *United States of America v. Nicholas Kurtz.*

## I.  ISSUES PRESENTED

A. WHETHER this Court should order the district court to rule on Petitioner's pending Motions, including the Motions to Dismiss the case for a violation of the Speedy Trial Act (R. 64 and R. 66, respectively).

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

On September 28, 2015, Petitioner, Nicholas Kurtz (hereinafter "Kurtz"), was arrested on a warrant pursuant to a Complaint. (R. 4). On September 30, 2015, Kurtz was ordered detained pending trial. (R. 10: Order of Detention, Page ID

2

##26—28). No trial date has been set. Kurtz has filed two (2) separate Motions to Dismiss pursuant to the Speedy Trial Act (R. 64 and R 66, respectively), *see* 18 U.S.C. § 3161(h), and the Sixth Amendment to the United States Constitution, neither of which has been ruled on.[1] Kurtz has been detained almost seven years – longer than the mandatory minimum sentence required for the pending charges in the case.

On October 7, 2015, Kurtz was indicted on two counts of Coercion or Enticement of a Female, in violation of 18 U.S.C. § 2422(a) and § 2422(b). (R. 12: Indictment, Page ID ## 30-31). Kurtz entered pleas of "Not Guilty" to both counts. (R. 17). On October 16, 2015, the district court set the motion filing deadline for November 4, 2015, the final pretrial conference for November 30, 2015 at 2:00 p.m., and the jury trial to begin on December 7, 2015 at 9:30 a.m. (R. 18: Calendar Order, Page ID # 43).

---

[1] Petitioner's original Motion to Dismiss (R. 64) was filed on September 3, 2021. On September 24, 2021, the Government filed a request asking the Court for an additional three (3) weeks to respond to Petitioner's Motion. On March 24, 2022, before any ruling had been made on Petitioner's original Motion to Dismiss or the Government's request for additional time to respond, a second Motion to Dismiss was filed alleging that the time that had elapsed since the initial Motion to Dismiss was filed constituted another violation of the Speedy Trial Act warranting dismissal. To date, no ruling has been issued as to either Motion to Dismiss or the Government's request for additional time to respond to Petitioner's original pleading.

On November 3, 2015, twenty-six (26) non-excludable days after Kurtz was indicted, a Motion to Substitute Counsel was filed on his behalf (R. 20). The Motion was granted that same day during a telephone status conference. (*Id.*). During the status conference, defense counsel also requested that the Pretrial Motion deadline and the Trial be continued for an additional thirty (30) days, which was also granted. (*Id.*). The Court issued an Entry stating that the initial Trial date, which was set for December 7, 2015 (R. 18), would be "VACATED" pursuant to 18 U.S.C. § 3161(h)(1)(7)(A), (B)(i) and (B)(iv), finding that:

> [t]he interests of the parties and the ends-of-justice are best served by tolling time because defense counsel has newly arrived and needs additional time to review voluminous discovery 'necessary for effective preparation' and that failure to grant the continuance would 'result in a miscarriage of justice.' Accordingly, the time from 11/3/15 through 12/2/15 shall be excluded from the speedy trial calculation.

(Min. Entry & Not. Order, 11/03/2015).

On December 2, 2015, through a status conference conducted via telephone, both parties requested an additional thirty (30) days to continue discovery production and review. The Court again issued an Entry granting the request based upon its conclusion that "the ends of justice would be served by granting a [forty] (40) day continuance," and that "the time from 12/2/15 through 1/13/16 shall be excluded from the speedy trial calculation." (Min. Entry & Not. Order,

4

12/02/2015). Speedy trial time was further tolled through the Court's granting a twenty-eight (28) day continuance during a telephonic status conference on January 13, 2016, again citing the same reasoning, *to wit*: "the time from 1/13/16 through 2/10/16 [to] be excluded from the speedy trial calculation." (Min. Entry & Not. Order, 01/13/2016).

On February 10, 2016, defense counsel filed its initial Motion to Suppress as well as a first Motion to Compel. (R. 22; R. 23). The Government filed two (2) subsequent Motions for Extension of Time to File a Response to the Defendant's Motions to Suppress and Compel, one on March 9, 2016, which extended the filing deadline to March 16, 2016, and the second on March 16, 2016, which extended the deadline to March 22, 2016, both of which were granted by this Court. (R. 24; R. 25). The Government filed its responses to the Motion to Suppress and the Motion to Compel on March 22, 2016. (R. 26; R. 27). Kurtz, through counsel, filed a Motion for Extension of Time to Reply to the Government's Response to the Motion to Suppress (R. 28) which the Court granted without opposition. Thereafter, the defense filed their Reply on April 5, 2016. (R. 29).

On April 26, 2016, Kurtz's Motion to Suppress (R. 22) was set for an evidentiary hearing on May 12, 2016, but was later vacated and rescheduled for May 20, 2016. On May 16, 2016, Kurtz's counsel filed a Supplemental Motion to

Suppress (R. 30). In response, the Court vacated the suppression hearing and rescheduled the matter for June 24, 2016. (Notice of Hearing, 05/19/2016).

An unopposed Motion to Continue Evidentiary Hearing (R. 31) was filed by the Government due to the unavailability of a witness. The Court granted said request on June 17, 2016. (Not. Order, 06/17/2016). The Court concluded that the "ends of justice would be served by granting the continuance," pursuant to 18 U.S.C. § 3161(h)(1)(D), and that time would continue to be tolled until a newly selected hearing date was set. (*Id.*). The Court further noted that "in light of the Government's statement that the parties are actively attempting to resolve this matter by plea, the Court finds that time is also tolled pursuant to 18 U.S.C. § 3161(h)(1)" citing the Sixth Circuit's holding in *United States v. Montgomery*, 395 F. App'x 177, 182 (6th Cir. 2010), that "plea negotiations are an example of 'other proceedings' not specifically listed in § 3161(h)(1) which may be excluded from the Speedy Trial Act calculation." (*Id.*).

On June 28, 2016, the defense filed a Motion for Bond. (R. 32). A telephone status conference was conducted on July 30, 2016, at which time the parties discussed the bond Motion as well as proposed dates for conducting the evidentiary hearing. During the telephone conference, the Court denied the Motion for Bond and scheduled an evidentiary hearing for August 26, 2016. (Min. Entry &

6

Not. Order, 07/01/2016). On August 22, 2016, the Government filed a Motion to Continue the evidentiary hearing. (R. 33). The Court granted the request on September 24, 2016, and scheduled another telephone status conference for August 26, 2016. (Not. Order, 08/24/2016). At this status conference, the parties agreed to conduct the evidentiary hearing on October 21, 2016. (Min. Entry, 09/01/2016).

Kurtz filed a second Motion to Suppress on October 14, 2016. (R. 34). Thereafter, the parties appeared for the previously scheduled evidentiary hearing on October 21, 2016. Prior to commencing the hearing, defense counsel informed the Court that the additional discovery identified in Defendant's Motion to Compel (R. 23) had either not been provided or no longer existed. As such, the Court determined that the Motion was moot. (Min. Entry & Not. Order, 10/26/2016). The Court then proceeded to hear testimony and argument from the parties regarding Defendant's Motion to Suppress. (*Id.*). At the conclusion of the hearing, the defense sought leave to order transcripts of the proceeding and file a post-hearing brief. (*Id.*). The Court granted said request and directed the parties to submit simultaneous post-hearing briefs two (2) weeks after the transcript was filed on the docket. (*Id.*). The Court further noted that because the Motion was "still pending and is not yet ripe for decision, the speedy trial clock remains TOLLED pursuant to 18 U.S.C. § 3161(h)(1)(D)." (*Id.*).

7

The transcript of the evidentiary hearing was filed on November 7, 2016. (R. 38). The parties filed two (2) subsequent joint Motions for Extension of Time to File post-hearing briefs, one on November 18, 2016 (R. 40), which extended the filing deadline to December 5, 2016, and the second on December 5, 2016 (R. 41), which extended the deadline to December 19, 2016. The Court granted these requests and noted that time would remain tolled on both Motions pursuant to 18 U.S.C. § 3161(h)(1)(D). (Min. Entries & Not. Orders, 11/18/2016 and 12/05/2016).

On December 19, 2016, counsel for both parties advised this Court that additional time was needed to continue plea negotiations, and accordingly, the parties jointly requested a stay of the briefing schedule as to Defendant's Motion to Suppress. (R. 22, R. 30, R. 35). The Court granted the stay and ordered the parties to advise the Court as to the status of plea negotiations no later than January 13, 2017. (Min. Entry & Not. Order, 12/27/2016). On January 13, 2017, the parties sent an email to the Court stating that negotiations were still under way and requested a three-week continuance to complete those negotiations. (Min. Entry & Not. Order, 01/17/2017). The Court granted the request and ordered the parties to submit a joint status report no later than February 3, 2017. (*Id.*). The Court also determined that time remained tolled on the pending Motions to Suppress (R. 22, R. 30, R. 35), pursuant to § 3161(h)(1)(D), again citing to *Montgomery*. *Id*. The

8

Court noted that granting the continuance would best serve the ends of justice pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (iv).

The parties submitted a status report via email on February 3, 2017, informing the Court that they were still working toward a resolution of the case and requesting an additional three (3) week continuance. (Min. Entry & Not. Order, 02/09/2017). The Court granted the continuance and ordered the parties to file a joint status report and/or Motion to Continue no later than March 2, 2017, explaining that "the time elapsing from the date of the requested continuance (2/3/17), through the date of the next status report (3/2/17), shall be EXCLUDED from the speedy trial computation, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (iv)." (*Id.*).

Another telephone status conference was conducted on April 5, 2017. During the call, the parties stated that despite their good faith efforts to resolve the case via plea agreement, they now reached an impasse:

> [a]dditionally, the parties advise the Court of an evidentiary issue related to the recording of the search. Defendant has obtained the opinion of an expert, and the Government is awaiting completion of its own expert analysis. As the new evidentiary issue is related to, and may impact, the pending suppression motion the Court stated its preference to first resolve the new issue before turning back to the motion to suppress. Additionally, the Court states its preference in setting an extended briefing calendar, in order to allow adequate time

9

for the Government to receive its forensic report, and for both parties
to thoroughly brief the issue.

(Min. Entry & Not. Order, 04/17/2017). The Court directed the parties to propose a
viable briefing schedule no later than April 13, 2017. (*Id*.). The Court also
explained that time continued to toll pursuant to § 3161(h)(1)(D) while the
Defendant's Motion to Suppress remained pending. (*Id*.). The Court further stated
that "time elapsing from the date of the parties' last status report (3/2/17) through
the date of the status conference (4/5/17) shall be excluded from the speedy trial
computation," pursuant to the *Montgomery* decision regarding plea negotiations, as
well as the time that continues to toll from April 5, 2017, through the filing of the
anticipated briefs. (*Id*.).

A briefing schedule was issued on April 19, 2017, requiring Kurtz to submit
a supplemental Motion by June 19, 2017, with the Government's response due on
or before June 24, 2017. (Not. Order, 04/19/2017). On June 13, 2017, the
Government submitted a request to extend the briefing schedule, stating that the
completion of the relevant forensic report had been delayed until the end of July.
(Not. Order, 06/14/2017). This unopposed request was granted, and the briefing
schedule was vacated and rescheduled, adjusting the due date for Defendant's
supplemental Motion to August 7, 2017, the Government's response due by

August 28, 2017, and the Defendant's Reply, if any, due by September 11, 2017. (*Id.*). The Court noted that it "EXTENDS its prior finding as to speedy trial (Min. Entry & Not. Order, 4/7/2017) and time shall continue to toll until the filing of Defendant's supplemental motion." (*Id.*). Kurtz filed his first Motion for Extension of Time to File his Supplemental Motion to Suppress on August 18, 2017, requesting that the filing deadline be extended until September 18, 2017. (R. 42). On August 23, 2017, defense counsel asked the Court to extend the deadline until September 25, 2017, in order to afford adequate time to obtain independent expert evaluation of the Government's forensic report. (Not. Order, 08/24/2017). Defendant's Motion (R. 42) and subsequent request for extension of time were granted, and the previous briefing schedule was vacated and rescheduled, allowing a due date of September 25, 2017, for Defendant's supplemental Motion, and a deadline of October 16, 2017, for the Government's response. (*Id.*). The Court incorporated its prior findings as to speedy trial and noted that time would remain tolled until the filing of Defendant's supplemental Motion. (*Id.*).

Kurtz filed a Motion to Dismiss the Government's forensic report (R. 43) on September 25, 2017, followed by a Supplemental Memorandum in support of the initial Motion (R. 44) the following day. (R. 43; R. 44). In response, the Government filed a Motion for Extension of Time to reply to Kurtz's Motions on

October 13, 2017, requesting a new filing deadline of October 27, 2017. (R. 45). The Court granted said request on October 17, 2017. (Not. Order, 10/17/2017). The Government filed its response on October 27, 2017, and the defense submitted their Reply on November 11, 2017. (R. 46; R. 47). The Court scheduled a status conference for February 2, 2018, to review the parties' briefings. (Not., 02/02/2018). During the February 2, 2018, status conference, the parties jointly asked the Court to set an evidentiary hearing no sooner than eight (8) weeks in the future in order to give both sides adequate time to schedule their respective experts. (Min. Entry, 02/16/2018). Proposed dates for the evidentiary hearing regarding the Defendant's Motion to Dismiss (R. 43) were provided to the Court with the understanding that time would remain tolled until hearing dates were scheduled. (*Id*.). On February 22, 2018, the Court set the evidentiary hearing for May 3, 2018. (Not. Order, 02/23/2018). Kurtz filed an unopposed Motion to Continue the hearing date on April 26, 2018, which the Court granted the following day. (R. 48). Accordingly, the May 3, 2018, hearing date was vacated and set to be rescheduled when defense counsel was prepared to proceed. (Not. Order, 04/27/2018). In the interim, time continued to be tolled pursuant to both 18 U.S.C. § 3161(h)(1)(D) and 18 U.S.C. § 3161(h)(7)(A), (B)(i) & (iv). (*Id*.).

A status conference was conducted on May 31, 2018, at which time the parties agreed on a hearing date of August 7, 2018. (Min. Entry, 05/31/ 2018). The hearing commenced on August 7, 2018, and continued through August 9, 2018. (Min. Entry, 08/07/2018; 08/09/2018). At the conclusion of the hearing, the Court ordered that the transcripts be made available, and declared that a decision would be issued. (Min. Entry, 08/09/2018). The transcripts of the evidentiary hearing on Defendant's Motion to Dismiss (R. 43) were filed on August 20, 2018. (R. 52; R. 53). To date, no decision has been issued regarding Defendant's Motion to Dismiss the forensic report. (R. 43).

Nearly one year later, on August 18, 2019, undersigned counsel filed a Supplemental Memorandum in Support of the Defendant's Motion to Suppress. (R. 55). One week later, on August 24, 2019, counsel filed a Motion to Dismiss the Indictment, or, in the Alternative, Motion for a Bill of Particulars. (R. 56). On March 6, 2020, counsel filed a Second motion for Bond. (R. 57). The Court conducted a status conference on June 17, 2020. At that time, the Court denied Defendant's second request for bond. (R. 57). The Court also issued a briefing schedule regarding the Motion to Dismiss the Indictment/Motion for a Bill of Particulars and Motion to Suppress, allowing the Government fourteen (14) days to file any Response in Opposition, with a seven (7) day Reply period for Kurtz, if he

13

so desired. (Min. Entry, 06/17/2020). The Court stated that once the relevant briefings had been provided, the matters would be taken under advisement and decisions would be forthcoming in the near future. The Court further noted that "briefing on the motions to suppress (Docs. 22, 30, 35) remains stayed pending the Court's resolution of the motions to dismiss." (*Id*.).

The Government filed a Motion for Extension of Time to File Response/Reply as to Defendant's Motion to Dismiss/Bill of Particulars (R. 56). (R. 59). The extension was granted, and a new deadline to respond was set for July 24, 2020. (Not. Order, 07/10/2020). On July 24, 2020, the Government filed both its Response in Opposition regarding Kurtz's Motion to Dismiss Indictment/Bill of Particulars (R. 56), as well as its Response in Opposition to Kurtz's first Motion to Suppress (R. 22). (R. 60; R. 61). The defense filed replies to both Government responses on August 7, 2020. (R. 62; R. 63). To date, no hearing has been scheduled or conducted on these Motions, nor has any decision been issued.

On September 3, 2021, Kurtz filed a Motion to Dismiss for Violation of Speedy Trial Rights. (R. 64). The Government filed a Motion for Extension of Time to File a Response on September 24, 2021. (R. 65). On March 24, 2022, Kurtz filed a Second Motion to Dismiss for Violation of Speedy Trial Rights. (R.

66). To date, no hearing has been scheduled or conducted on these Motions to Dismiss, nor has any decision been issued.

## III. ARGUMENT

### A. Kurtz is Entitled to Mandamus Relief.

This Honorable Court has the power to grant mandamus pursuant to the All Writs Act. *See* 28 U.S.C. § 1651. "Mandamus is appropriate to remedy a clear abuse of discretion or judicial usurpation of power." *In re University of Michigan*, 936 F.3d 460, 466 (6th Cir. 2019); *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). Mandamus is also appropriate "to correct a district judge who" disregards Federal Rules of Procedure. *In re University of Michigan*, 936 F.3d 460, 466 (6th Cir. 2019) *citing Will v. United States*, 389 U.S. 90, 95-96 (1967).[2]

---

[2]

 In *Will*, while discussing the exceptional nature of the remedy of mandamus and, in addition, "an awareness of additional considerations which flow from the fact that the underlying proceeding is a criminal prosecution," *id*. at 96, the Supreme Court nonetheless recognized that "mandamus may . . . be used [in certain circumstances] to review procedural orders in criminal cases." *Id*. at 97. And while the Court did "not decide under what circumstances, if any, such a use of mandamus would be appropriate," *id*. at 98, the Court suggested as relevant to that decision "the constitutional precepts that a man is entitled to a speedy trial and that he may not be placed twice in jeopardy for the same offense." *Id*.

An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction. *See, e.g.*, *McClellan v. Young*, 421 F.2d 690 (6th Cir. 1970); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978) ("where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that it may exercise the jurisdiction of review given by law'"); *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) (noting that "mandamus does not supersede other remedies, but rather comes into play where there is a want of such remedies").  Even when no writ is issued, the Circuit Court may nevertheless order a district court not to defer adjudicating a case. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970).

1. **This Court Should Order the District Court to Rule on Kurtz's Pending Motions to Dismiss.**

   a. *When a Violation of the Speedy Trial Act Occurs, the District Court is Obligated to Dismiss the Case.*

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." *See* U.S. Const. amend. VI. To vindicate this right, Congress established a bright-line rule in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, which requires

16

that a trial start "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *See* 18 U.S.C. § 3161(c)(1); *see also Zedner v. United States*, 547 U.S. 489, 500-02 (2006); *Gov't of Virgin Islands v. Duberry*, 923 F.2d 317, 320 (3d Cir. 1991).

As discussed more fully *infra*, the 70-day deadline is not absolute as certain periods of delay "shall be excluded . . . in computing the time within which the trial . . . must commence." *See* 18 U.S.C. § 3161(h).  But, if a defendant is not brought to trial within the requisite time, the Speedy Trial Act mandates dismissal of the Indictment upon the defendant's motion. *See* 18 U.S.C. § 3 1 62(a)(2); *see also United States v. Taylor*, 487 U.S. 326, 332 (1988) ("The statute admits no ambiguity in its requirement that when such a violation has been demonstrated, 'the information or indictment shall be dismissed on motion of the defendant'").

Once a defendant files a Motion to Dismiss an Indictment based upon an alleged violation of the Act, "the district court must identify and tally the days included on the speedy trial clock and count toward the seventy-day limit." *Zedner v. United States*, 547 U.S. 489, 507 (2006). When calculating delays under the Act, the district court excludes from the count days on which triggering events occur.

17

*See United States v. Lattany*, 982 F.2d 866, 871- 72 (3d Cir. 1992). Weekend days and holidays are included in the speedy trial count. *See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011).

### b. The 70-Day Limit Under the Speedy Trial Act was Violated.

As aforementioned, the Speedy Trial Act (hereinafter "the Act") requires that criminal defendants be brought to trial "within seventy days of the filing date . . . of the information or Indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).  The Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h).

Subsections (D) and (H) are the two operative provisions for calculating the non-excludable time under the Act. Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and 3161(h)(1)(H) excludes "delay reasonably attributable to any period, not to exceed

18

thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *See* 18 U.S.C. §§ 3161(h)(1)(D) and (H). Reading these two provisions together, when a pretrial motion is filed, time is excluded under subsection (D) from the filing of the motion through responses to the conclusion of any hearing on that motion, at which time, subsection (H) is triggered and up to thirty (30) days are excluded while the motion is under advisement by the court. If no hearing is held, then the motion is deemed "under advisement" per subsection (H) as soon as the responses or replies are filed, and the motion is "ripe" for resolution. *See, e.g., United States v. Greer*, 527 F.App'x 225, 230 (3d Cir. 2013); *United States v. Felton*, 811 F.2d 190, 196-197 (3d Cir. 1987).

The Supreme Court addressed the interplay of subsections (D) and (H) in *Henderson v. United States*, 476 U.S. 321 (1986). As the Court explained, "when a pretrial motion requires a hearing[,] [3161(h)(1)] subsection (F)[now (D)] on its face excludes the entire period between the filing of the motion and the conclusion of the hearing . . . whether or not [the] delay in holding that hearing is 'reasonably necessary.'" *Id*. at 330- 331. The Court noted that the Act's exclusion from the seventy-day period for delay is not limited to what is a necessary or reasonable delay; rather the clock stops automatically during all pretrial motions and while the

19

court is awaiting additional filings from parties that are "needed for prompt disposition of the motion." *Id.* at 321.

The Supreme Court proceeded to define "under advisement" as "30 days from the time the court receives all of the papers it reasonably expects." *Henderson,* 476 U.S. at 328-29. The Court noted that this interpretation was consistent with the directives issued by the Senate Committee on the Judiciary, which stated that "if motions are so simple or routine that they do not require a hearing, a necessary advisement time should be considerably less than 30 days." *Id. at 329.* Accordingly, "after the thirty-day excludable time period ends, the speedy trial clock should no longer be tolled and should begin again, regardless on whether the court has issued a ruling." *United States v. Noble,* 509 F.Supp.3d 399, 409 (W.D. Pa. 2020).

In essence, the Act allows for time to be excludable from the speedy trial calculation from the date a Motion is filed through any proceedings on such Motion. Furthermore, once the court has received all necessary and applicable filings on that Motion, an additional 30-days is excludable pursuant to 18 U.S.C. § 3161(h)(1)(H) due to the matter being "under advisement."

In the matter *sub judice*, Kurtz has been incarcerated for a total of 2,520 days. Although acknowledging that some of those days are properly excluded from

consideration under 18 U.S.C. § 3161, et seq., counsel maintains that a total of 715 days have passed that are non-excludable under the Speedy Trial Act with still no trial date even scheduled: (1) twenty-six (26) non-excludable days between Kurtz's Indictment and the filing of the first Motion; (2) 362 non-excludable days – from 30 days after all pleadings and documents concerning the Supplemental Motion to Suppress were filed with the district court (*i.e.*, September 6, 2020), *see, e.g., United States v. Johnson*, 29 F.3d 940, 943 (5th Cir. 1994) ("[T]he fact that a motion is 'pending' or is otherwise unresolved, does not toll the Speedy Trial clock"), to the date of his initial Motion to Dismiss for Violations of Speedy Trial Rights (September 3, 2021); (3) 174 non-excludable days – from October 2, 2021 to March 24, 2022, during which time the district court had Kurtz's first Motion to Dismiss for Violations of Speedy Trial Rights under advisement in excess of the 30-day limit;[3] and (4) 153 non-excludable days – from March 24, 2022 to the present, during which the district court had Kurtz's second Motion to Dismiss for

---

[3] Kurtz filed his first Motion to Dismiss for Violation of Speedy Trial Rights (R. 64) on September 3, 2021. On September 24, 2021, the Government filed at First Motion for Extension of Time to File Response/Reply as to Motion to Dismiss for Violation of Speedy Trial Rights (R. 65), requesting a new date of October 15, 2021. The district court has not ruled on the Government's Motion for Extension (R. 65), nor has the Government filed a Response/Reply to Kurtz's First Motion to Dismiss for Violation of Speedy Trial Rights (R. 64).

Violations of Speedy Trial Rights also under advisement in excess of the 30-day limit.[4]

### c. The Indictment Should be Dismissed with Prejudice.

Although the Speedy Trial Act requires dismissal when there is a violation, the dismissal may be with or without prejudice to refiling the charge. In choosing between those alternatives, courts must consider, among others, three specific factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. *See* 18 U.S.C. § 3162(a)(1), (2). The district court must consider the factors set forth in the Act and explain how they factor into its decision. *Taylor*, 487 U.S. at 336-37. In addition, although not specified in the statute, the presence or absence of prejudice to the defendant is a relevant factor for the court's consideration, as is the length of the delay and what, if any, responsibility the defendant has for the delay. *See id.* at 339-41.

As the Supreme Court has previously recognized, "lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it

---

[4]  The Government has not filed a Response/Reply to Kurtz's Second Motion to Dismiss for Violation of Speedy Trial Rights (R. 66), which he filed on March 24, 2022.

approaches one year." (citations omitted) *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Kurtz has been incarcerated for over six (6) years without any ruling on his Motion to Suppress or two (2) Motions to Dismiss for Violations of the Speedy Trial Act.  What's more, no current trial date has been set; in fact, no trial date has been scheduled since the initial trial date (*i.e.*, December 7, 2015) was cancelled on November 3, 2015.

After all necessary pleadings and documents related to the Motion to Suppress issue were submitted to the Court, 362 days passed – without a ruling on the Motion(s) or the setting of a trial date – before counsel filed the first Motion to Dismiss for Violation of Speedy Trial Rights.  The district court has also taken 174 days more than allotted by 18 U.S.C. § 3161(h) to consider Kurtz's first Motion to Dismiss for Violation of Speedy Trial Rights without issuing a decision on the underlying arguments or the Government's request for leave to file a response. Moreover, since the submission of Kurtz's second Motion to Dismiss for Violations of Speedy Trial Rights, an additional 153 non-excludable days have passed without a ruling or response from the Government.[5]  Kurtz's case has been

---

[5]

  The United States has failed to alert the district court at any point during this prosecution to the ticking of the Speedy Trial clock even though Kurtz has been incarcerated for over six (6) years.  Accordingly, it is reasonable to conclude that the United States has abandoned the prosecution of this matter such that dismissal is warranted.

pending for over six (6) years and he has filed two (2) Motions to Dismiss for a Speedy Trial Act violation.[6]

The Supreme Court recognized that if the Speedy Trial Act violation was not "an isolated unwitting violation," that fact would weigh in favor of dismissal with prejudice. *See United States v. Taylor*, 487 U.S. 337, 339 (1988).  However, this is not an "isolated unwitting violation."   Rather, as discussed *supra*, the 70-day speedy trial clock has been surpassed more than ten (10) times.

### 2.  Extraordinary Circumstances Justify the Issuance of the Writ.

The Sixth Circuit has "adopted a five-step process for examining whether there are extraordinary circumstances warranting mandamus relief." *In re Bendectin Prods. Liab. Litig.,* 749 F.2d 300, 303-04 (6th Cir.1984). This process requires that the Court consider the following:

1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief needed; 2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; 3) whether the district court's order is clearly erroneous as a matter of law; 4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; 5) whether the

---

[6]  A defendant has no duty to bring himself to trial and has no duty to bring any delay to the court's attention. *See United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000) (in ordering the case to be dismissed with prejudice, the Sixth Circuit found that the purposes of the Speedy Trial Act "would be thwarted if courts do not adjust their day-to-day procedures to comply with its requirements").

district court's order raises new and important problems, or issues of law of first impression. __

*In re Parker*, 49 F.3d 204, 207 (6th Cir. 1995).[7]

### a.  Kurtz has No Other Means to Redress the Harm.

Kurtz has no other options to seek relief and "mandamus . . . comes into play where there is a want of such remedies." *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969). Currently, Kurtz is detained in the Butler County Jail, where he has been waiting for almost seven (7) years during the pendency of this case. Throughout that time, the district court has failed to comply with the express directives of 18 U.S.C. § 3161(c), *et. seq.* in bringing Kurtz to trial within seventy days. In fact, no trial date has been set since October 16, 2015.[8] (R. 18). As such, Kurtz cannot obtain relief through a direct appeal.

### b.  Kurtz Stands to Suffer Irreparable Prejudice Absent Relief from this Honorable Court.

---

[7]
 The undersigned respectfully submits that steps three, four, and five are inapplicable to Kurtz as the instant writ is sought to compel the district court to rule on his pending Motions, *to wit*: Motion to Suppress (R. 22), Supplemental Motion to Suppress (R. 30), First Motion to Dismiss (R. 43), Motion to Dismiss (R. 56), Motion to Dismiss for Violation of Speedy Trial Rights (R. 64), or Second Motion to Dismiss for Violation of Speedy Trial Rights (R. 66).

[8]
 The initial trial date set for December 7, 2015, was vacated on November 3, 2015. Since that time, no new trial date has been set. (Min. Entry & Not. Order 11/03/2015).

The Supreme Court has previously held that "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *United States v. Taylor*, 487 U.S. 326, 340 (1988). Apart from any possible prejudice to the defendant's ability to mount an effective defense, "inordinate delay between public charge and trial . . . may seriously interfere with the defendant's liberty . . . and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Id*. at 341.

In the case at bar, it is clear that Kurtz has been prejudiced by the delay of the instant proceedings. The affiant/officer responsible for the investigation into Kurtz's alleged unlawful conduct, Sergeant Larry Cornett, passed away unexpectedly on June 2, 2018, approximately two (2) months before Kurtz's scheduled evidentiary hearing. Sergeant Cornett's absence during this hearing prejudiced Kurtz by depriving defense counsel of the opportunity to cross-examine the affiant on the details of the investigation that were presented in the submitted affidavit either at the hearing or during the trial of this case. Kurtz will continue to suffer prejudice by Sergeant Cornett's unavailability as counsel will be unable to question Cornett during a trial of this matter.

26

Apart from the unavailability of a key witness in this case, Kurtz has also suffered significant prejudice in his personal life. As a result of the delay and his current detention, Kurtz's personal relationships and livelihood have been irreparably damaged. Furthermore, his efforts to secure evidence and witnesses for his defense have been inhibited, and he has been forced to incur substantial legal fees and expenses. *See e.g., Noble,* 509 F.Supp.3d at 416 (deciding that dismissal with prejudice was proper after considering, inter alia, the Defendant's alleged prejudice which resulted in harm to his personal relationships and livelihood).

Most significantly, Kurtz has been deprived of his freedom for nearly seven (7) years as a result of his detention in this case. This lengthy period of pretrial incarceration for a two (2) count Indictment weighs heavily in favor of dismissal with prejudice, which Kurtz has now twice moved for but which the district court will not rule on. *See, e.g., United States v. Moss*, 217 F.3d 426 (6th Cir. 2000) (holding that "the impact on [the defendant's] liberty" after "be[ing] incarcerated for two years" was significant); *United States v. Tinklenberg*, 562 U.S. 647, 656 (2011) (dismissing with prejudice defendant's Indictment for federal drug and gun charges after calculating seventy-six (76) non-excludable days finding that re-prosecution would be contrary to justice when defendant already served his sentence); *United States v. Clymer*, 25 F.3d 824, 831-32 (9th Cir. 1994)

27

(considering total delay of 522 excludable and non-excludable days and holding that "'the sheer length of the period involved' weighs heavily in favor of dismissal with prejudice"). This is particularly true when considering that Kurtz has already been incarcerated longer than the mandatory minimum sentence required for the pending charges in this case.

Additionally, the prejudice which Kurtz has sustained cannot be cured retrospectively through a direct appeal. Although he stands presumed innocent of all charges, Kurtz has spent over 2,500 days in custody without any rulings on certain dispositive Motions or the scheduling of a trial. These circumstances are extraordinary and require the relief requested herein. *See e.g., U.S. v. Gomez-Gomez*, 643 F.3d 463, 471 (6th Cir. 2011) (acknowledging that a defendant may be "prejudiced in a way not correctable on appeal" if they were forced to endure trial before they could appeal the denial of certain pretrial Motions).

## IV.    CONCLUSION

The circumstances surrounding this matter are "extraordinary" enough to "warrant[] mandamus relief." *In re Bendectin Prods. Liab. Litig.,* 749 F.2d 300, 303-04 (6th Cir.1984). As Petitioner has clearly demonstrated, the district court here has failed to rule on two pending Motions to Dismiss this case when a Speedy Trial Act violation had occurred before the first Motion was filed, occurred

28

between the filings, and continues to occur after filing of the second Motion to Dismiss. Kurtz has no other recourse in which to address this grave injustice, as the district court has refused to rule on or schedule the matter for trial,[9] the Government has failed to assist, and appellate review after a trial would not prevent the abuse that is currently occurring. *See, e.g., In re Ford Motor Co.*, 110 F.3d 954, 962 (3d Cir. 1997) ("Review after final judgment is ineffective if the right sought to be protected would be, for all practical and legal purposes, destroyed if it were not vindicated prior to final judgment"); *Will v. Calvert Fire Ins. Co*., 437 U.S. 655, 661-62 (1978) *citing Insurance Co. v. Comstock*, 16 Wall. 258, 270 (1873).

Finally, with almost ten (10) times the length of time petitioner must legally wait for a trial pursuant to the Speedy Trial Act having already elapsed, the right to issuance of the writ in this matter is clear and indisputable. *See Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) (when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," mandamus may be appropriate). Kurtz has remained incarcerated for almost seven (7) years pending trial despite being

---

[9] In the case at bar, the first Motion to Dismiss pursuant to the Speedy Trial Act was filed on September 3, 2021 and the second Motion to Dismiss was filed on March 24, 2022. Thus, the issue was first presented over ten (10) months ago without any response from the Government or ultimate decision from the court. *See* Fed. R. Crim. P. 50 ("Prompt Disposition – Scheduling preference must be given to criminal proceedings as far as practicable").

presumed innocent. Any relief that could be sought on appeal would not retroactively cure the prejudice Kurtz has suffered due to the inexcusable delays of the district court. *See e.g.*, *In re Parker*, 49 F.3d 204, 207 (6th Cir. 1995).

**WHEREFORE**, Petitioner, Nicholas Kurtz, respectfully requests the issuance of a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Appellate Procedure 21(a), to compel the United States District Court for the Southern District of Ohio, Western Division the Honorable Timothy S. Black, to rule on Petitioner's pending Second Motion to Dismiss for Violation of Speedy Trial Rights in Case No. 1:15-cr-00107-TSB-1, styled *United States of America v. Nicholas Kurtz,* now pending in the United States District Court for the Southern District of Ohio, Western Division and dismiss the case with prejudice.

Date: August 24, 2022               Respectfully submitted,

                                    Nicholas Kurtz

                                    *By Counsel*


 */s/ Eric C. Nemecek*                */s/ Jon Paul Rion*

Eric C. Nemecek (0083195)            Jon Paul Rion (0067020)
Mary K. Walsh (100937)               Catherine H. Breault (0098433)
Friedman & Nemecek, L.L.C.           Rion, Rion & Rion, L.P.A. Inc.
1360 Dast 9th Street                  130 West Second Street
Suite 650                            Suite 2150
Cleveland, Ohio 44114                Dayton, Ohio 45402
(216) 928-7700                       (937) 223-9133
*Counsel for Petitioner*              *Counsel for Petitioner*

31

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

1. This document complies with the word limit of Fed. R. App. P. 21(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 7,262 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in size 14 Times New Roman.

/s/ Eric C. Nemecek

ERIC C. NEMECEK

*Counsel for Petitioner*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on August 24, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Eric C. Nemecek</u>
ERIC C. NEMECEK
*Counsel for Petitioner*