UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS KURTZ,<br><br>Defendant. | Case No. 1:15-CR-107<br><br>JUDGE BLACK<br><br>UNITED STATES' OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS |

The United States respectfully submits this omnibus response to Defendant Nicholas Kurtz's Motions to Dismiss for Violation of Speedy Trial Rights (R. 64 and 66). In the motions, Defendant argues that his case should be dismissed with prejudice. However, careful balancing of the *Barker* factors should result in a finding that the Defendant's Sixth Amendment Speedy Trial rights have not been violated. *See Barker v. Wingo*, 407 U.S. 514 (1972). Therefore, the Court should deny the Defendant's motions.

ARGUMENT

The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In *Barker*, the Supreme Court established a four-factor test for determining whether a defendant has been denied the constitutionally guaranteed right to a speedy trial. Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530-32. "None of these factors alone is sufficient to establish a violation of the Sixth Amendment." *United States v. O'Dell*, 247 F.3d 655, 667 (6th

Cir. 2001). Rather, the factors are interrelated and must be considered together with such other circumstances as may be relevant. *Id*. (citing *Barker*, 407 U.S. at 533); *see also Barker*, 407 at 522 (observing that the speedy-trial right is "amorphous," "slippery," and "necessarily relative").

**Length of the Delay**

The Defendant made his initial appearance on a criminal complaint on September 28, 2015. The Grand Jury returned an indictment against the defendant alleging violations of Title 18, United States Code, Sections 2422(a) and 2422(b) on October 7, 2015. Since that time, multiple excludable delays have occurred, to include, but not limited to, the Court taking evidence on the defendant's motion to suppress. One of the witnesses at the evidentiary hearing was Sgt. Larry Cornett. *See* Minute Entry and Notation Order, October 26, 2016. At the conclusion of the hearing, counsel for defendant requested time to obtain the hearing transcript and to submit post-hearing briefs. *Id*. In August of 2018, the matter was once again before the Court on the defendant's motion as it related to an issue regarding a tape recorder used by Sgt. Cornett, who, by that time, had unexpectedly passed away. In spite of Sgt. Cornett's unavailability, the United States was able to present sufficient evidence for the Court to consider. The hearing took place over the course of two days with multiple witnesses being called. *See* Minute Entry and Notation Orders, August 7 and 9, 2018. Counsel for defendant, following the closing of evidence, transcripts being prepared and numerous pleadings being made part of the record, filed a reply to the government's response on August 7, 2020. (R. 63, Reply to Response to Motion).

Courts have found a one-year delay presumptively prejudicial to defendants, which triggers analysis of the remaining *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992). "'[P]resumptive prejudice cannot alone carry a Sixth Amendment claim,' but rather

2

must be considered in the context of the other factors, particularly the reason for the delay." *United States v. Bass*, 460 F.3d 830, 838 (6th Cir. 2006) (quoting *Doggett*, 505 U.S. at 656). Importantly, courts in the Sixth Circuit have excluded from this calculation periods of delay attributable to the defendant. *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). In this case, multiple continuances were filed as well as extensions of time to file briefing, leading to a delay of approximately 390 days until the defendant filed a motion to dismiss for violation of speedy trial rights. However, even excluding the periods of delay attributable to the Defendant, the length of delay in this case triggers analysis of the remaining *Barker* factors.

**Reason for the Delay**

In assessing the second factor, the reason for the delay, courts are directed to "consider[ ] who is most at fault—the government or the defendant." *Brown v. Romanowski*, 845 F.3d 703, 714 (6th Cir. 2017) (citing *United States v. Schreane*, 331 F.3d 548, 554 (6th Cir. 2003)), *cert. denied sub nom. Brown v. Haas*, 138 S. Ct. 93 (2017). "Governmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government." *Id*. (quoting *Schreane,* 331 F.3d at 553). "Negligence and unexplained delays weigh less heavily against the government, but remain relevant, since the ultimate responsibility for such circumstances belongs to the government rather than with the defendant." *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017) (citations omitted), *cert. denied*, 138 S. Ct. 461 (2017). The government bears the burden of explaining the cause of the delay. *Id*. (citations omitted).

A review of the record demonstrates that the reasons for the delay throughout the entirety of this case are either neutral as to both parties or are attributable to Defendant. The United States has not proceeded in bad faith or dragged its feet in bringing the Defendant to trial. To the contrary, the United States prosecuted this case with reasonable diligence, timely providing

discovery and conscientiously responding to the Defendant's motions in the timeframes ordered by the Court.

Notably, in this case the Government was not negligent in its obligation to track speedy trial time. The Government, during the initial preliminary pretrial conference advised the Court of when the speedy trial calendar began. From that date, multiple delays have occurred due to various reasons, both at the request of the defendant and the government. The United States has never indicated it is unprepared for trial or requested any type of delay bringing this matter before a jury. Under these circumstances, therefore, the United States is not "more to blame," for the delay in this case. Thus, this factor strongly weighs against dismissal. To the extent any of the delay is attributable to the Court's exercising its discretion to consider when to set a hearing in light of the demands of its docket, the United States encourages the Court to set such hearing so that the parties are on notice.

**Assertion of the Right**

"Whether and how a defendant asserts his right is closely related to the other factors," in that "[t]he strength of [a defendant's] efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences." *Barker*, 407 U.S. at 531. In this case, the United States notes that the Defendant asserted his right to a speedy trial in September 2021. In the time that elapsed between the defendant's reply to the government's response related to his motion regarding evidence and that date, no assertion of rights had been made. In addition, the United States had made multiple offers in an attempt to resolve the matter by way of a plea. Therefore, arguably this factor is neutral when balanced against the Defendant's requested continuances and other reasons for delay.

4

### **Prejudice to the Defendant**

The *Barker* court announced three interests to be considered when assessing prejudice to the Defendant: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

"When the government prosecutes a case with reasonable diligence," the Sixth Circuit has observed that "a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay.'" *United States v. Young*, 657 F.3d 408, 418 (6th 2010) (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (citations omitted) (emphasis in original). Moreover, the specific prejudice must be "substantial prejudice" for a defendant to prevail on a speedy-trial claim. *Id*. (citing *United States v. White*, 985 F.2d 271, 276 (6th Cir.1993)). In this case, the Defendant asserts that a "critical" defense witness is no longer available due to his untimely death. The United States concedes one aspect of the Defendant's argument. That is, Sgt. Cornett is no longer available. However, the Defendant fails to outline how this witness is critical to his case, what steps, if any, the defense has made to locate other officers which could testify similarly as Sgt. Cornett, or describe why these additional witnesses (notably called to testify previously on practically identical issues as Sgt. Cornett) would not suffice in his absence. In short, he has failed to demonstrate "substantial prejudice" in order to prevail on a speedy-trial claim. *See also Young*, 657 F.3d at 418 (noting the district court's observation that both the defendant and the government "suffer equal prejudice due to the unavailability of witnesses").

With respect to the other two interests, while the Government recognizes that the

Defendant's incarceration may interfere with his liberty interest, *see United States v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000) and cause some measure of anxiety, the Government does not believe the delay in this case rises to the level of a constitutional violation. Even assuming arguendo that the Government had been negligent, based on the facts and circumstances of this case, the portion of the delay attributable to the Court or the Government is at most approximately 24 months, over 10 months of which comprises the time from the filing of motions to the conclusion of the evidentiary hearings. This period, while significant, does not give rise to a presumption of prejudice. *See, e.g.*, *Schreane*, 331 F.3d at 559 (6th Cir. 2003 (thirteen and one-half months delay due to government's negligence does not give rise to a presumption of prejudice) (citing, inter alia, *Zerla v. Leonard*, 37 Fed. Appx. 130, 132 (6th Cir.2002) (unpublished opinion) (no presumption of prejudice when delay was slightly longer than one year), *cert. denied*, 538 U.S. 978 (2003); *United States v. Cook*, 181 F.3d 104, & n. 3 (6th Cir. 1999) (per curiam) (unpublished opinion) (sixteen months not presumptively prejudicial), *cert. denied*, 528 U.S. 942 (1999)). Notably, when prejudice has been found, the delay has typically been shockingly long. *See, e.g.*, *Doggett*, 505 U.S. at 657 (six years); United States v. *Brown*, 169 F.3d 344, 351 (6th Cir. 1999) (five and one-half years); *United States v. Graham*, 128 F.3d 372, 376 (6th Cir. 1997) (eight years).

      Particularly here, given the Court's care in conducting evidentiary hearings, the Government's diligence, the serious nature of the charges against the Defendant, as well as the evidence supporting this prosecution, this factor weighs against Kurtz. The offenses charged are extremely serious and stem from allegations that Kurtz used online means to coerce and entice a minor child to commit sexual offenses. His methods to persuade the child to commit these offenses were extreme, graphic and violent. Moreover, evidence in the Government's case in

chief includes victim testimony.  The minor child the defendant targeted remains willing and able to testify at the trial in this matter.  She, not Sgt. Cornett, is the key witness of the United States.  Under these circumstances, the Defendant's ability to prepare his defense has not been prejudiced.  The Government has made discovery available to the defense regarding this evidence and the Government continues to provide supplemental discovery as requested by defense counsel.

## CONCLUSION

For all of these reasons, the Court should deny the Defendant's Motion to Dismiss Based on a Sixth Amendment Speedy Trial Violation.  The United States respectfully requests that a hearing be set expeditiously to address any additional pending motions in this case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Christy L. Muncy*
CHRISTY L. MUNCY (KY 88236)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Email:  christy.muncy@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *United States' Response to Defendant's Motion to Dismiss Based on Sixth Amendment Violation* was electronically filed via the Court's CM/ECF system on this 6th day of September 2022.

*s/Christy L. Muncy*
CHRISTY L. MUNCY (KY 88236)
Assistant United States Attorney